1 | Tomas Leszczynski

2 | 8941 Atlanta Ave #104

3 | Huntington Beach, CA 92646

4 | 914-255-2414

5 | Plaintiff in Pro Per



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 1 3 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ⟨signature⟩ DEPUTY

# PAID

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Tomas Leszczynski,

       Plaintiff,

    vs.

#1 Richard P. Clem,

    in their personal capacity

#2 Kitchen Cube LLC,

#3 Timothy A. Duffy,

    in their personal capacity

#4 Altamatic LLC,

#5 Insider Goods LLC,

#6 Randall Toltz,

    in their personal capacity

#7 Tyler Ruble,

    in their personal capacity

#8 Dylan Spencer

    in their personal capacity

       Defendants.

Case No.: 8:23-cv-01698-MEMF-(ADS)

**Complaint for Copyright Infringement of the Creative and Unique Work Bakercube Measuring Cube**

1

# I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. § 1331, which grants federal question jurisdiction. Federal question jurisdiction arises pursuant to the U.S. Copyright Act (17 U.S.C.), specifically, Sections 106 (Exclusive rights of copyright holders), 501 (Infringement of copyright), 502 (Remedies for infringement), 503 (Impounding and disposition of infringing articles), 504 (Damages and profits), 505 (Attorneys' fees and costs), and 506 (Criminal offenses related to copyright infringement), and DMCA in Title 17, Section 1201 of the U.S. Code. The present action involves claims of copyright infringement under these provisions of the Copyright Act and the U.S. Code.

# II. VENUE

2. The Central District of California is the proper venue pursuant to 28 U.S.C. § 1391 due to the specific circumstances of this case. In accordance with the statute's requirements, this district is the most suitable and convenient location for the litigation of this copyright infringement complaint.

3. **Location of Events Giving Rise to the Complaint**: The events that gave rise to this complaint occurred exclusively within the Central District of California. Notably, all critical actions related to the design and creation of the Cube took place within this district.

4. **Work Performed in This District**: The entire process of designing the Cube, a copyrighted work, was meticulously executed within the boundaries of the Central District of California. This encompasses all

2

creative and developmental stages.

5. **Specific Delivery of infringed Cube within the District**: On July 26, 2023, one infringing Cube, sent by a defendant, was delivered to the Plaintiff, who resides within this district. Subsequently, on July 29, 2023, two more infringing Cubes sent by other defendants were also delivered within this district. These specific delivery dates provide indisputable evi dence of the district's relevance to the case as all defendants conduct business in the state of California using Amazon.com, and/or Ebay.com, and/or their individual websites.

6. **Defendants Residing in Multiple States**: It is important to underscore that the parties alleged to have violated my copyright rights are dispersed across multiple states, including Minnesota, Illinois, Wyoming, Nevada, Florida. Given this geographical diversity, designating the Central District of California as the venue promotes judicial economy, simplifies proceedings, and minimizes the burden on both parties and witnesses. All defendants conduct business in the state of California and all of them sell the Cube in the state of California, the infringed product in question.

7. **Preferred Venue for Convenience**: The choice of the Central District of California as the venue aligns with the principles of fairness and convenience. It not only satisfies the statutory requirements for venue but also enhances efficiency and fairness by centralizing the litigation in a district that has a substantial nexus to the case while minimizing the complexities that could arise from pursuing this matter in multiple states and a foreign jurisdiction.

8.   In conclusion, the Central District of California meets all the essential criteria for venue under 28 U.S.C. § 1391 and, based on the circumstances outlined above, serves as the most logical and advantageous venue for this copyright infringement lawsuit.

## III. PARTIES

9.   Plaintiff: Tomas Leszczynski, creator of the Cube, copyright owner.
     8941 Atlanta Ave #104, Huntington Beach, CA 92646
     Phone: 914-255-2414
     Email: thingiverseCube@gmail.com

10.  Defendant #1
     Defendant #1 manufactured and distributed infringed Cubes, also organized the affiliate program where he provided Cubes to other parties with their custom branding.
     Richard P. Clem, in their personal capacity
     1616 N. Victoria Street
     St. Paul, MN 55117
     Phone: 612-378-7751
     Email: clem.law@usa.net

11.  Defendant #2
     Defendant #2 manufactured and distributed infringed Cubes, also organized the affiliate program providing Cubes to other parties with their custom branding.
     Kitchen Cube LLC, an LLC organization
     PO Box 14957,

4

Minneapolis MN 55414

Email: info@thekitchencube.com

Phone: 507-405-4393

12. Defendant #3

Defendant #3 manufactured, distributed and sold infringed Cubes.

Timothy A. Duffy, in their personal capacity

725 W Orchard Cir, Lake Forest, IL 60045

Email: tduffy@tduffylaw.com

Phone: 847-530-4920

13. Defendant #4

Defendant #4 manufactured, distributed and sold infringed Cubes.

Altamatic LLC, an LLC organization

5850 E 2nd Ste 7000 #7052

Casper, WY 82601

Email: tim@altamatic.us

Phone: 847-530-4920

14. Defendant #5

Defendant #5 distributed and sold infringed Cubes.

Insider Goods LLC, an LLC organization.

2629 E Craig Rd Ste J

North Las Vegas, NV 89030-3365

Email Address: rantol@me.com

Phone: 877-512-9188

15. Defendant #6

Complaint for Copyright Infringement of the Creative and Unique Work Bakercube Measuring Cube, the "Cube"

1    Defendant #6 distributed and sold infringed Cubes.

2    Randall Toltz, in their personal capacity

3    2629 E Craig Rd Ste J

4    North Las Vegas, NV 89030-3365

5    Email Address: rantol@me.com

6    Phone: 303-470-0003

7

8    16. Defendant #7

9    Defendant #7 distributed and sold infringed Cubes.

10    Tyler Ruble, in their personal capacity

11    5123 W 98th St. #1114

12    Minneapolis MN 55437

13    Email: info@thekitchencube.com

14    Phone: 507-405-4393

15

16    17. Defendant #8

17    Defendant #8 distributed and sold infringed Cubes.

18    Dylan Spencer

19    12536 Oulton Circle

20    Orlando FL 32832

21    Email: nomadicconllcamazon@gmail.com

22    Phone: 607-283-1962

23

24    ## IV. STATEMENT OF FACTS

25

26    18.  On December 1, 2017, I, under the screen name "iomaa," posted the Cube

27    design and 3D print files on Thingiverse.com, the largest site for 3D print

28    objects, accessible via the following link:

6

1    https://www.thingiverse.com/thing:2676324

2    provided under Creative Commons, non-commercial, no derivatives use

3    license. This date marks the inception of the Cube's availability for the

4    public under a strict non-commercial license.

5    19. On January 3, 2018, I uploaded an updated version of the Cube, designated

6    as file "cube_ver3.STL." This version 3 of the Cube is the creative object

7    subject to this lawsuit with defendants selling virtual copies of my Cube.

8    Going forward, the "Cube" refers to version 3 posted on Jan 3, 2018.

9    20. The Cube was submitted to the US Copyright Office.

10   21. The continued availability of my Cube on Thingiverse.com underscores my

11   ownership and control over the design.

12   22. I unequivocally assert that I am the creator and rightful copyright owner of

13   the Cube design. To facilitate its sharing and use within the creative

14   community, I chose to distribute the Cube under a Creative Commons

15   license, specifically the non-commercial, no derivatives use license. This

16   license explicitly prohibits any commercial use or creation of derivative

17   works based on my design. Notably, my Cube has never entered the public

18   domain; it has always been provided under the protective umbrella of the

19   Creative Commons, non-commercial, no derivatives use license.

20   23. The Cube is a unique and creative work that combines various measuring

21   volumes into a single cubical structure. Its creation demanded an extensive

22   amount of effort, involving complex calculations due to the

23   interdependence of its components. As a testament to its innovative

24   solution, the Cube gained immense popularity, amassing over 150,000

25   downloads in the first 2 years, establishing itself as one of the most

26   frequently printed objects by home 3D enthusiasts.

27   24. I have consistently upheld the principle of providing my design and

28   printing files free of charge for individuals to print and use at home, a

practice in line with my Creative Commons license and my broader commitment to the 3D printing community. Over the years, I have actively contributed numerous items for free use within this community. However, as the exclusive copyright holder of my work, I possess the legitimate right to participate in any commercial applications involving my creative design.

25. It has come to my attention that Defendants #1 and #2 have willfully infringed upon my licensing terms. They have undertaken actions in direct violation of the non-commercial license by manufacturing and selling an essentially identical version of the Cube. This infringement encompasses the unauthorized use of the "cube_ver3.STL" file, the application of their logo on the Cube's bottom surface, the overseas production of the Cubes in China, and the offering of these infringing products for sale across various platforms, including their website, Amazon, and Ebay.

26. The infringement by Defendants #1 and #2 was not only willfull, they boasted about stealing my Cube on their own website. Specifically: "This device was one of the most popular items on a popular 3D printing website with over 20,000 unique downloads." The number 20,000 quoted was the number displayed at that time on Thingiverse.com, the only location where I posted my Cube and the only location where it was available. However, due to technical issues, thingiverse reset their counters. The archive.org (web archive site) clearly show one of the archived pages of my Cube with over 150,000 downloads. Defendands #1 and #2 entered our 3D print community without any understanding about what we do and simply stole my work to commercialize it without any payment to the owner of the copyright.

27. In surreal arrogance, Defendants #1 and #2 continued on their website: "So we designed and manufactured every kitchen measuring device in one easy to use gadget." There are referring to their KitchenCube, a virtual copy of

1      the Cube, the only product they sell. They designed nothing. They created

2      nothing. They stole my design in violation of clearly stated copyright

3      license. To further show the criminality of such activity, Defendants #1 and

4      #2 also claim to file a patent application for... my Cube they stole. By

5      applying for the patent for my Cube they are committing fraud. Their video

6      commercials about the Cube and they interaction with TV shows is based

7      of fraudulent claims stating that the Cube was created by them.

8  28. Furthermore, Defendants #1 and #2 have introduced an "affiliate program"

9      through which they offer the production of my Cube with customized

10      branding options. Many other defendants have embraced this program

11      facilitated by Defendants #1 and #2, thereby manufacturing and marketing

12      the Cube with their unique branding, all of which transgresses my

13      exclusive copyright ownership of the Cube.

14  29. As compelling evidence of my ownership, I maintain full access to the

15      Thingiverse.com website where the Cube was originally posted.

16      Additionally, when an individual attempts to leave a gratuity for the

17      designer of the Cube on the website, the payment processing reveals my

18      full name via PayPal, providing unequivocal proof of my identity as the

19      designer and copyright holder of the Cube. I have a backup of all files used

20      in the process of designing the Cube, with full access to any feature. The

21      .stl files provided on thingiverse cannot be edited, they are used for printing

22      only.

23

24

25  **V. <u>CAUSES OF ACTION</u>**

26

27  **FIRST CAUSE OF ACTION**

28  **Copyright Infringement (17 U.S.C. § 501)**

9

**As against Defendants #1 to #8**

30. Plaintiff incorporates the preceding paragraphs by reference.

   Defendants #1 to #8 have willfully infringed upon Plaintiff's exclusive rights as the copyright owner of the Cube design, in violation of 17 U.S.C. § 501.

   Plaintiff's Cube design, as submitted to the US Copyright Office, is protected under the Copyright Act of 1976 (17 U.S.C. §§ 101 et seq.), granting Plaintiff exclusive rights, including the right to reproduce, distribute, and create derivative works.

31. Defendants #1 to #8, without authorization, have engaged in the unauthorized reproduction, distribution, and creation of derivative works based on Plaintiff's copyrighted Cube design, as specified in 17 U.S.C. § 106.

32. Defendants #1 and #2's use of Plaintiff's copyrighted work extends to the unauthorized manufacturing and sale of the Cube, the application of their logo onto the Cube's bottom surface, overseas production, and the offering of infringing products for sale across multiple platforms, including their website, Amazon.com, and Ebay.com.

33. Additionally, Defendants #1 and #2 have instituted an "affiliate program," further enabling the infringement by other Defendants, who have also reproduced, distributed, and sold the Cube with their unique branding, thereby committing acts of copyright infringement under 17 U.S.C. § 501.

34. Plaintiff asserts that, due to Defendants #1 and #2's blatant and fraudulent

10

activity, the corporate veil of Defendant #2 (the LLC) should be pierced, holding Defendant #1 personally liable for the actions of the LLC, as Defendant #1 created LLC (Defendant #2) exclusively for fraudulent purposes related to the Cube. The only product offered for sale by Defendant #2 is the Cube.

35. Plaintiff asserts that, due to Defendants #3 and #4's blatant and fraudulent activity, the corporate veil of Defendant #4 (the LLC) should be pierced, holding Defendant #3 personally liable for the actions of the LLC, as Defendant #3 created LLC (Defendant #4) exclusively for fraudulent purposes related to the Cube. The only product offered for sale by Defendant #4 is the Cube.

## SECOND CAUSE OF ACTION
### Violation of Creative Commons License Terms
### As against Defendants #1 to #8

36. Plaintiff incorporates the preceding paragraphs by reference.
Plaintiff's Cube design was shared on Thingiverse.com under a Creative Commons license, specifically the non-commercial, no derivatives use license, as clearly stated on the Cube's Thingiverse page.

37. Defendants #1 to #8 have willfully violated the terms of the Creative Commons license by engaging in commercial activities involving the Cube, as expressly prohibited under the license.

38. Defendants #1 to #8's actions, including the manufacturing and sale of the Cube for commercial gain, the application of their logo, and participation

11

in the affiliate program, have directly contravened the non-commercial, no
derivatives use license, infringing upon Plaintiff's exclusive rights.

### THIRD CAUSE OF ACTION
### False Advertising and Misrepresentation
### As against Defendants #1 to #8

39. Plaintiff incorporates the preceding paragraphs by reference.
Defendants #1 and #2 have engaged in false advertising and
misrepresentation by making untrue claims and statements on their website,
in their videos, during their TV presentations, including misrepresenting
the origins and authorship of the Cube.

40. Defendants #1 and #2's statement that they "designed and manufactured"
the Cube, while openly acknowledging their use of Plaintiff's design
without authorization, constitutes false advertising and misrepresentation in
violation of 15 U.S.C. § 1125(a).

41. Defendants #1 and #2's claim of filing a patent application for Plaintiff's
Cube design, which they did not create, further demonstrates false
advertising and misrepresentation, as it misleads the public regarding the
Cube's origin.

## VI. **REQUEST FOR RELIEF**

42. **Defendants #1 and #2 (LLC)**
Plaintiff seeks the following relief from Defendants #1 and #2 (LLC),

12

taking into account the relationship between the individual defendant and the LLC:

43. Actual Damages: Plaintiff requests that the actual number of units of the Cube sold by Defendants #1 and #2 (LLC) be determined through subpoenas to Amazon, Ebay, and the payment processor of Defendant #2's website, as well as through discovery document production by Defendants #1 and #2. Based on current information, Plaintiff estimates that Defendants #1 and #2 (LLC) collectively sold at least 400 units each month for the past year, resulting in actual damages of $48,000 (400 units x 12 x $10 per unit) for the period of one year.

44. Statutory Damages: Plaintiff also seeks statutory damages under 17 U.S.C. § 504 for Defendant #1 and #2 willful copyright infringement. Plaintiff estimates statutory damages at 400 units x 12 x $150,000 per unit, totaling $720 million for the period of one year, subject to the court's discretion in determining the final award.

45. Furthermore, Plaintiff asserts that due to the blatant and fraudulent activity, the corporate veil of Defendant #2 (the LLC) should be pierced, holding Defendant #1 personally liable for the actions of the LLC. This assertion is made to ensure that the damages awarded are not evaded through the use of the LLC structure, which appears to have been created exclusively for fraudulent purposes related to the Cube.

46. **Defendants #3 and #4 (LLC)**

47. Plaintiff seeks the following relief from Defendants #3 and #4 (LLC),

taking into account the relationship between the individual defendant and the LLC:

48. Actual Damages: Plaintiff requests that the actual number of units of the Cube sold by Defendants #3 and #4 (LLC) be determined through subpoenas to Amazon, Ebay, and the payment processor of Defendants #4's website, as well as through discovery document production by Defendants #3 and #4. Based on current information, Plaintiff estimates that Defendants #3 and #4 (LLC) collectively sold at least 200 units each month for the past year, resulting in actual damages of $24,000 (200 units x 12 x $10 per unit) for the period of one year.

49. Statutory Damages: Plaintiff also seeks statutory damages under 17 U.S.C. § 504 for Defendant #3's willful copyright infringement. Plaintiff estimates statutory damages at 200 units x 12 x $150,000 per unit, totaling $360 million for the period of one year, subject to the court's discretion in determining the final award.

50. Furthermore, Plaintiff asserts that due to the blatant and fraudulent activity, the corporate veil of Defendant #4 (the LLC) should be pierced, holding Defendant #3 personally liable for the actions of the LLC. This assertion is made to ensure that the damages awarded are not evaded through the use of the LLC structure, which appears to have been created for fraudulent purposes related to the Cube.

51. **Defendants #5 to #8**

52. For Defendants #5 to #8, who are alleged to have engaged in similar

14

infringing activities, Plaintiff requests the following relief:

53. Actual Damages: Plaintiff requests that the actual number of units of the
    Cube sold by Defendants #5 to #8 be determined through the same means
    as for Defendant #1. Based on current information, Plaintiff estimates the
    following monthly sales and corresponding actual damages: $12,000 (100
    units x 12 x $10 per unit) for the period of one year, for each Defendant #5
    to #8.

54. Statutory Damages: Plaintiff also seeks statutory damages under 17 U.S.C.
    § 504 for each Defendant #5 to #8's willful copyright infringement.
    Plaintiff estimates statutory damages at 100 units x 12 x $150,000 per unit,
    totaling $180 million for the period of one year, for each Defendant #5 to
    #8, subject to the court's discretion in determining the final award.

## DEMAND FOR JURY TRIAL

55. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: September 13, 2023

Sign: _T. &_____

Print Name: Tomas Leszczynski

thingiverseCube@gmail.com

914-255-2414

8941 Atlanta Ave #104

Huntington Beach, CA 92646

15

Complaint for Copyright Infringement of the Creative and Unique Work Bakercube Measuring Cube, the "Cube"