Richard P. Clem
1616 Victoria St. N.
St. Paul, MN    55117
Phone (612) 378-7751
clem.law@usa.net

Defendant pro se



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 1 0 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tomas Leszczynski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | ANSWER OF DEFENDANT |
| ) | RICHARD P. CLEM |
| Richard P. Clem, et al., ) | |
| ) | |
| Defendants ) | Case No. |
| ) | 8:2023cv01698 |

Defendant Richard P. Clem, for his answer to plaintiff's

pretended complaint, answers and alleges as follows:

1.  I reside at 1616 Victoria Street North, St. Paul,

    Minnesota 55117.  I am an attorney admitted to practice in

    the State of Minnesota.  I work from my home office, and

    use as the mailing address of my law practice PO Box 14957,

    Minneapolis, MN    55414.

2.  In late 2019, I was contacted by Tyler Ruble, who inquired

    as to forming a Minnesota Limited Liability Company (LLC).

    In January 2020, he retained me to form Kitchen Cube LLC.

I prepared the Articles of Organization and filed them with the Minnesota Secretary of State on January 4, 2020.

3. I signed the Articles of Organization as Organizer.  Under Minnesota Law, the Organizer of an LLC is similar to the Incorporator of a corporation.  My name appears four times in the document, and each time, it is in the form "Richard P. Clem, Attorney."

4. Under the Articles of Organization I drafted, the size of the Board of Governors of the LLC is set as one, and I was named as the governor until the first annual meeting of members or until my successor was elected and qualified.

5. The same day as I filed the Articles of Organization, I executed an Action of the Board of Governors accepting my resignation as Governor, and electing Tyler D. Ruble to succeed me in that office.

6. I was paid a total of one hundred dollars ($100) for my professional services in forming the LLC.  I was also reimbursed an additional one hundred fifty-five dollars ($155) to cover the state filing fee of $155.

7. Other than the activities described above in connection with the formation of Kitchen Cube LLC, I have had absolutely no involvement with any of the defendants.  I do not own a 3D printer, nor have I ever used one.  I have

never manufactured or sold a cube similar to the one that is the subject of this litigation.

8. Post Office Box 14957, Minneapolis, MN, is my mailing address. It has never been used by Kitchen Cube LLC as its address. I am the only person with a key to that box, and I have never received any mail addressed to Kitchen Cube LLC or any of the defendants. That address appears in the Articles of Organization only once under my name, where it states "This document drafted by (the following person can be contacted about this form.)"

9. I lack sufficient information to admit or deny the plaintiff's allegations in the "Jurisdiction" section of the complaint.

10. As to the allegations of the "Venue" section of plaintiff's complaint, I deny that venue is proper. Specifically, I deny plaintiff's allegation that any relevant events took place in the Central District of California. I affirmatively allege that I have not been physically present in the Central District of California in over forty (40) years. I lack knowledge to admit or deny that any design process took place in the Central District of California. I lack knowledge as to whether any cubes were delivered within the Central District of California.

11.     I deny that I conduct business in California, and I
have never sold any type of cube in California.  I deny
that the Central District of California has any nexus with
the pretended cause of action.

12.     As to the allegations of paragraph 9 of the complaint,
I lack sufficient knowledge to admit or deny the
plaintiff's identity, or whether or not he created any
cube.  I affirmatively allege, on information and belief,
that his stated address, 8941 Atlanta Avenue, Huntington
Beach, California, is a UPS Store, and not a true
residential address.

13.     As to the allegations of paragraph 10, I admit only
that my name, address, phone number, and e-mail address are
correct.  I deny that I was ever acting in my personal
capacity with respect to any action that is in any way
relevant to this case.  I deny that I ever manufactured any
cube.  I deny that I ever distributed any cube.  I deny
that I ever organized any affiliate program.  I deny that I
ever provided cubes to anyone for custom branding, or for
any other purpose.

14.     With respect to paragraph 11, I deny that Kitchen Cube
LLC has an address of PO Box 14957, Minneapolis, Minnesota.
That address is exclusively mine.  I lack knowledge

sufficient to admit or deny any of the business activities of Kitchen Cube LLC.

15.     With respect to paragraphs 12 through 17 of the complaint, I lack knowledge sufficient to admit or deny the same.

16.     With respect to paragraph 18 through 24 of the statement of facts of the complaint, I lack knowledge sufficient to admit or deny the same.

17.     With respect to paragraph 25 of the complaint, I deny that I have infringed any of plaintiff's rights. Specifically, I deny manufacturing or selling any type of cube. I deny applying any type of logo to the bottom of any cube. I deny having any cubes, or any other product, manufactured in China. I deny selling any cubes on any website, on Amazon, on Ebay, or anywhere else.

18.     With respect to paragraph 26 of the complaint, I deny boasting about any cube on any website.

19.     With respect to paragraph 27 of the complaint, I deny writing any of the quoted language on any website. I deny selling any cubes. I deny stealing anything. I deny that I ever filed a patent application or claimed to do so. I deny ever making any video commercial. I have never interacted with any TV show in regards to any type of cube. I never claimed that I created any cube.

20.     With respect to paragraph 28 of the complaint, I have never introduced any type of affiliate program with respect to cubes or marketed any cubes.

21.     With respect to paragraph 29 of the complaint, I lack sufficient knowledge to admit or deny the same.

22.     With respect to paragraph 30 of the complaint, I deny infringing any rights of the plaintiff.

23.     With respect to paragraph 31 of the complaint, I deny that I reproduced or distributed, or created derivative works based upon any design of the plaintiff.

24.     With respect to paragraph 32 of the complaint, I deny that I manufactured or sold any cube, placed any logos onto cubes, produced any cubes overseas or elsewhere, or offered infringing products anywhere.

25.     With respect to paragraph 33 of the complaint, I deny that I instituted any type of affiliate program.

26.     With respect to paragraph 34 of the complaint, I deny any "blatant and fraudulent activity" that in any way would make me liable for any acts of the LLC.  I lack sufficient knowledge to admit or deny whether the LLC offers other products for sale.  I affirmatively allege that plaintiff has failed to allege fraud with particularity.

27.     With respect to paragraph 35 of the complaint, I lack sufficient information to admit or deny.

28.     With respect to paragraph 36 of the complaint, I lack

   sufficient information to admit or deny.

29.     I deny paragraph 37 of the complaint.

30.     I deny paragraph 38 of the complaint.

31.     With respect to paragraph 39 of the complaint, I deny

   that I made any claims or statements about any cube on any

   website, in any video, or in any TV presentation.

32.     With respect to paragraph 40 of the complaint, I deny

   that I ever made any statement that I designed or

   manufactured any cube, or that I ever said anything about

   plaintiff's alleged design.

33.     With respect to paragraph 41 of the complaint, I never

   filed any patent application or claimed to have done so,

   with respect to any cube, or any other item.

34.     I deny that the plaintiff suffered any damages from

   any action ever done by me.  With respect to plaintiff's

   claims as to the number of cubes sold by any other

   defendant, I lack sufficient knowledge to admit or deny.  I

   affirmatively allege that I have never sold any cube.

35.     I deny that the plaintiff suffered the astronomical

   damages claimed of $720 million.

36.     I deny that there are any grounds for holding me

   personally liable for my ministerial actions in forming an

   LLC.

FIRST AFFIRMATIVE DEFENSE

37.     The court lacks personal jurisdiction over me.

SECOND AFFIRMATIVE DEFENSE

38.     Process was insufficient under Rule 4(a)(1)(A) of the

Federal Rules of Civil Procedure, which requires a summons

to name the Court.  While this case is pending in the

Central District of California, I was served a purported

summons which purported to be under the authority of the

U.S. District Court for the Southern District of

California.

THIRD AFFIRMATIVE DEFENSE

39.     The complaint fails to state a claim upon which

relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

40.     Service of process was insufficient.  Plaintiff

purported to serve the Summons and Complaint by mailing the

same in an envelope by Certified Mail from Newport Beach,

California, on September 26, 2023.  I received this

envelope on October 3, 2023.  The envelope did not contain

the request to waive service described by Rule 4(d)(1),

Federal Rules of Civil Procedure.  On information and

belief, other than this certified mail item, the plaintiff

has made no other attempt to serve me with the Summons and

Complaint.

Therefore, answering defendant prays that the pretended

complaint be dismissed with prejudice, and that he should have

his reasonable costs and attorney's fees herein.

DATED this ___ day of October, 2023.


Richard P. Clem, Defendant
1616 Victoria St. N.
St. Paul, MN    55117
Phone (612) 378-7751
FAX 651-489-9374
clem.law@usa.net
Minnesota Attorney Registration No. 192648

Richard P. Clem, Defendant
1616 Victoria St. N.
St. Paul, MN   55117
Phone (612) 378-7751
FAX 651-489-9374
clem.law@usa.net

October 3, 2023

Clerk
U.S. District Court, Southern District of California
Ronald Reagan Federal Building & U.S. Courthouse
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

     Re:  Tomas Leszczynski, Plaintiff, vs. Richard P. Clem, et
     al., Defendants, Court File No. 8:2023cv01698

Dear Clerk of Court:

Please find enclosed for filing in the above-entitled matter
ANSWER OF DEFENDANT RICHARD P. CLEM, along with proof of
service.

It is my understanding that under Local Rule 5-4.2(a)(1), I am
required to file this document in paper format, since I am a pro
se litigant.

I should note that I am an attorney in the State of Minnesota,
but I am not admitted to practice in any court in California.

Thank you for your attention to this matter.

Sincerely yours,

Richard P. Clem

cc:  Tomas Leszczynski





RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 10 2023

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

Clerk,
U.S. District Court, Southern Dist. of California
Ronald Reagan Federal Bldg & U.S. Courthouse
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

INTAKE

Richard P. Clem
1616 Victoria St. N.
St. Paul, MN 55117