UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TOMAS LESZCZYNSKI,

　　　　　　　　　　　　Plaintiff,

　　　　v.

KITCHEN CUBE LLC; TIMOTHY A.
DUFFY; ALTAMATIC LLC; INSIDER
GOODS LLC; RANDALL TOLTZ; TYLER
RUBLE; DYLAN SPENCER,

　　　　　　　　　　　　Defendants.

Case No.:  8-23-cv-01698-MEMF-ADS

**ORDER GRANTING IN PART REQUESTS
FOR JUDICIAL NOTICE AND GRANTING
IN PART MOTIONS TO DISMISS [ECF
NOS. 44, 45, 46, 47, 51]**

　　　　Before the Court are a Motion to Dismiss and Request for Judicial Notice filed by Defendant
Tyler Ruble (ECF Nos. 44, 46), a Motion to Dismiss and Request for Judicial Notice filed by
Defendant Kitchen Cube LLC (ECF Nos. 45, 47), and a Motion to Dismiss filed by Defendants
Timothy A. Duffy, Altamatic LLC, Randall Toltz, and Dylan Spencer (ECF No. 51). For the reasons
stated herein, the Court GRANTS IN PART both Requests for Judicial Notice, and GRANTS IN
PART the Motions to Dismiss.

/ / /

1

## BACKGROUND

### I.    Factual Background[1]

Plaintiff Tomas Leszczynski ("Leszczynski") is an individual residing in California. Compl. ¶ 9. Defendant Richard P. Clem[2] ("Clem") is an individual residing in Minnesota. *Id.* ¶ 10. Defendant Kitchen Cube LLC ("Kitchen Cube") is an entity based in Minnesota. *Id.* ¶¶ 11, 34. Defendant Timothy A. Duffy ("Duffy") is an individual residing in Illinois. *Id.* ¶ 12. Defendant Altamatic LLC ("Altamatic") is an entity based in Wyoming, which was created by Duffy. *Id.* ¶¶ 13, 35. Defendant Insider Goods LLC ("Insider Goods") is an entity based in Nevada. *Id.* ¶ 14. Defendant Randall Toltz ("Toltz") is an individual residing in Nevada. *Id.* ¶ 15. Defendant Tyler Ruble ("Ruble") is an individual residing in Minnesota. *Id.* ¶ 16. Defendant Dylan Spencer ("Spencer") is an individual residing in Florida (collectively "Defendants"). *Id.* ¶ 17.

Leszczynski invented an object, a measuring cube ("Cube") which combines various measuring volumes into a single cubical structure. *Id.* ¶ 23.

On December 1, 2017, Leszczynski posted the Cube design and 3D print files under the name "iomaa" on Thingiverse.com ("Thingiverse"), the largest site for 3D print objects. *Id.* ¶ 18. On January 3, 2018, Leszczynski uploaded an updated file "cube_ver3.STL." (the "Cube file"), which is version 3 of the Cube, available at https://www.thingiverse.com/thing:2676324 ("Leszczynski's Thingiverse page"). *Id.* ¶¶ 18, 19. The Cube file was provided under a Creative Commons, non-commercial, no derivatives license ("Creative Commons license"), which was stated on the page. *Id.* ¶¶ 18, 22, 36. The Creative Commons license prohibits any commercial use or creation of derivative works based on the Cube design. *Id.* ¶ 22. Leszczynski shared the Cube file free of charge for individuals to print and use at home. *Id.* ¶ 24. The Cube gained over 150,000 downloads in the first 2 years. *Id.* ¶ 23.

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiff Tomas Leszczynski's Complaint. ECF No. 1 ("Complaint" or "Compl."). For the purposes of these Motions, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] Leszczynski initially brought the lawsuit against Clem, but on February 21, 2024, Leszczynski's claims against Clem were dismissed following a stipulation filed by Leszczynski. ECF. Nos. 72, 76.

1   Leszczynski submitted an application for copyright registration on the Cube to the United
2   States Copyright Office. *Id.* ¶ 20.

3       Kitchen Cube manufactured and sold an identical version of the Cube even though it did not
4   design it. *See id.* ¶¶ 25, 27. Kitchen Cube used the Cube file, applied its logo to the Cube's bottom
5   surface, arranged overseas production of the Cubes in China, and offered the Cubes for sale on
6   various platforms including the website of Kitchen Cube, Amazon, and Ebay. *Id.* Kitchen Cube
7   specified "This device was one of the most popular items on a popular 3D printing website with over
8   20,000 unique downloads" on its website, at a time when Leszczynski's Thingiverse page displayed
9   that his Cube had been downloaded 20,000 times. *Id.* ¶ 26. ECF No. 45-12, Ex. K. Kitchen Cube
10  also stated on its website that "we designed and manufactured every kitchen measuring device in one
11  easy to use gadget." *Id.* ¶ 27. Kitchen Cube filed a patent application for the Cube. *Id.*

12      Kitchen Cube introduced an affiliate program, through which it offered the production of the
13  Cube with customized branding options. Other defendants manufactured and sold the Cube with
14  their unique branding through the affiliate program. *Id.* ¶ 28.

15      Leszczynski received a delivery of a Cube from one unspecified defendant on July 26, 2023,
16  and received two additional Cubes from other unspecified defendants on July 29, 2023. *Id.* ¶ 5.
17  These deliveries were made to Leszczynski's residence in California. *Id.*

18  **II.   <u>Procedural History</u>**

19      Leszczynski filed suit in this Court on September 13, 2023. *See* Compl. The Complaint
20  asserts three causes of action against all Defendants: (1) copyright infringement under 17 U.S.C. §
21  501; (2) violation of Creative Commons license terms; and (3) false advertising and
22  misrepresentation under 15 U.S.C. § 1125(a). *Id.*

23      On October 23, 2023, Ruble filed his Motion to Dismiss ("Ruble Motion") (ECF No. 44) and
24  a Request for Judicial Notice ("Ruble RJN") (ECF No. 46). On the same day, Kitchen Cube also
25  filed a Motion to Dismiss ("Kitchen Cube Motion") (ECF No. 45) and a Request for Judicial Notice
26  ("Kitchen Cube RJN") (ECF No. 47). On October 24, 2023, Duffy, Altamatic, Insider Goods, Toltz,
27  and Spencer filed their Motion to Dismiss ("Duffy Motion") (ECF No. 51).

28

On November 4, 2023, Leszczynski filed Oppositions[3] to all Motions (respectively, "Ruble Opp'n", "Kitchen Cube Opp'n", and "Duffy Opp'n") (ECF Nos. 56, 57, 58). On November 13, 2023, Kitchen Cube filed a Reply in support of its Motion ("Kitchen Cube Reply") (ECF No. 62), and a Reply in support of its RJN ("Kitchen Cube RJN Reply") (ECF No. 63). On the same day, Ruble also filed a Reply in support of his Motion ("Ruble Reply") (ECF No. 64), and a Reply in support of its RJN ("Ruble RJN Reply") (ECF No. 65). On March 21, 2024, Duffy, Altamatic, Insider Goods, Toltz, and Spencer filed a Reply in support of their Motion ("Duffy Reply") (ECF No. 84).

On January 27, 2024, Leszczynski filed a stipulation to dismiss Clem. ECF No. 72. On February 21, 2024, The Court issued an order granting the stipulation to dismiss Clem. ECF No. 76.

The Court held a hearing on the Motions on April 4, 2024. ECF No. 86.

## REQUESTS FOR JUDICIAL NOTICE (ECF NOS. 46, 47)

### I. Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) ("Rule 201"). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Once a fact is judicially noticed, the court "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

---

[3] Leszczynski argues that Ruble and Kitchen Cube failed to comply with the meet and confer requirement in advance of filing their Motions and RJNs under Local Rule 7-3. *See* ECF Nos 60, 61. Ruble and Kitchen Cube argue in response that Leszczynski did not make himself available to meet in advance of the deadline to file the motion, and they discussed the motion via email with Leszczynski. *See* ECF Nos. 63, 65. The Court notes that, as described in Section VII(A) of the Court's Standing Order, the meet and confer prior to filing a Motion must be "in real-time" and email generally is not sufficient. The parties are admonished to meet and confer in real time in advance of filing any motion, and to review the Local Rules and the Court's Standing Order and abide by them for the remainder of this action. Leszczynski makes a similar argument in his Opposition to Duffy's Motion, but does not specifically allege that Duffy failed to meet and confer, and so the Court understands that this argument is directed only against Ruble and Kitchen Cube. ECF No. 58 at 5–8.

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)). A court considering a motion to dismiss should not take judicial notice of material that cannot be considered for the motion. *See Lee*, 250 F.3d at 689–90. Although a district court generally may not consider any material beyond the pleadings in ruling on a motion to dismiss, the Court may take judicial notice of matters in the public record, without converting a motion to dismiss into one for summary judgment. *Id.*

A Court may take judicial notice of a document and consider it in analyzing a motion to dismiss. *See Corinthian Colleges*, 655 F.3d at 998. In order to do so, the document must satisfy both the *Corinthian Colleges* test and the requirements of Federal Rule of Evidence 201. *See id.* (first considering whether document was referenced in and central to complaint, and second considering Rule 201). However, a Court may also consider certain documents in deciding a motion to dismiss without taking judicial notice of the documents. *See Marder*, 450 F.3d at 448 (finding documents may be considered in deciding motion to dismiss, based on a test identical to the one in *Corinthian Colleges*, without taking judicial notice of the documents). In some circumstances, it may be appropriate to deny a request for judicial notice, avoiding the obligation to instruct the jury on the trust of a document, but nevertheless, consider the document as evidence in deciding a motion to dismiss. *See id.*

**II.   <u>Discussion</u>**

Ruble requests the Court to take judicial notice of ten (10) exhibits in support of its Motion to Dismiss. *See* ECF No. 46. Kitchen Cube also requests the Court to take judicial notice of twelve (12) exhibits in support of its Motion to Dismiss, the first ten of which are overlapping with Ruble's RJN.

*See* ECF No 47. Leszczynski filed Oppositions to each RJN. ECF Nos. 60, 61. Ruble and Kitchen Cube replied respectively. ECF Nos. 63, 65.

The documents Ruble and Kitchen Cube request judicial notice of are:

1. Search results pages from the United States Copyright Office's public catalog for works registered to "Leszczynski, Tomas", attached as Exhibit A to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-2, 45-2);

2. Search results pages from the United States Copyright Office's public catalog for works titled "Bakercube Measuring Cube" and "Bakercube", attached as Exhibit B to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-3, 45-3);

3. Search results pages from the United States Copyright Office's public catalog for works with Registration Number "1-12981752441", attached as Exhibit C to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-4, 45-4);

4. Search results pages from the United States Copyright Office's public catalog for works with the Document Number "1-12981752441", attached as Exhibit D to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-5, 45-5):

5. The search guidelines of the Copyright Office website, available at https://cocatalog.loc.gov/help/regnum.htm, attached as Exhibit E to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-6, 45-6):

6. Leszczynski's Thingiverse page, available at http://www.thingiverse.com/thing:2676324, attached as Exhibit F to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-7, 45-7):

7. An archive of Leszczynski's Thingiverse page, available at https://web.archive.org/web/20180329085627/https://www.thingiverse.com/thing:2676324/, attached as Exhibit G to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-8, 45-8);

8. The Creative Commons Attribution-NonCommercial-NoDerivs 4.0 International license, available at https://creativecommons.org/licenses/by-nc-nd/4.0/legalcode.en, attached as Exhibit H to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-9, 45-9);

9. The Creative Commons Attribution-NonCommercial-NoDerivs 3.0 Unported license, available at https://creativecommons.org/licenses/by-nc-nd/3.0/legalcode.en, attached as Exhibit I to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-10, 45-10);

10. The Creative Commons Attribution-NonCommercial-NoDerivs 2.0 Generic license, available at https://creativecommons.org/licenses/by-nc-nd/2.0/legalcode.en, attached as Exhibit J to Ruble Motion and Kitchen Cube Motion (ECF Nos. 44-11, 45-11);

11. A page of a section titled "About Us" from the webpage of Kitchen Cube, available at https://thekitchencube.com/pages/about, attached as Exhibit K to Kitchen Cube Motion (ECF No. 45-12); and

12. Search results page from the Minnesota Secretary of State's website for Kitchen Cube, available at https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=1ee0bc2f-512f-ea11-9190-00155d01b4fc, attached as Exhibit L to Kitchen Cube Motion (ECF No. 45-13).

The Court takes judicial notice of Exhibits A–D, as search results on registration with the copyright office are public records which are proper for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1064 (9th Cir. 2006) (taking notice of trademark registrations by the United States Patent and Trademark Office).

Likewise, the Court takes judicial notice of Exhibits E and L, where Exhibit E is a search guideline of the Copyright Office website, and Exhibit L is a search results page from the Minnesota Secretary of State's website, as they are publicly available by government entities. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.")

Furthermore, the Court takes judicial notice of Exhibit K—the Kitchen Cube website page—as it is: (1) referenced in the Complaint: (2) central to Leszczynski's claims; and (3) no party questions its authenticity. *Corinthian Colleges*, 655 F.3d at 998. Leszczynski referenced the website of Kitchen Cube in Complaint with exact words that Kitchen Cube used to support his claims, particularly false advertising and misrepresentation claim, against it. Compl. ¶¶ 26, 40. The statements on the website of Kitchen Cube are central to Leszczynski's false advertisement or misrepresentation claim. *Id.* ¶ 40. Leszczynski did not question the authenticity of Exhibit K.

The Court finds Exhibits F–J (Leszczynski's Thingiverse page and three versions of the Creative Commons license) are not appropriate for judicial notice. The existence of these documents and the facts contained within them are not "generally known within the trial court's territorial jurisdiction." *See* Fed. R. Evid. 201(b). Nor can they be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See id.* These documents are not public records, and the Court cannot verify their accuracy. The documents thus do not meet the requirements of Rule 201. *See id.*

However, the Court nevertheless finds it appropriate to consider these documents in deciding the Motion. *See Marder*, 450 F.3d at 448 (finding documents may be considered in deciding motion to dismiss, without taking judicial notice of the documents). The documents at issue meet all requirements of the *Corinthian Colleges* test. *See Corinthian Colleges*, 655 F.3d at 998.

First, the documents are referenced in the complaint. *See id.* (the first requirement is that "the complaint refers to the document"). Leszczynski explicitly references his Thingiverse website and the archive page to explain he uploaded the Cube design on Thingiverse, and the download number of the Cube design shows on the page. ECF Nos. 44-7, 44-8, 45-7, 45-8. *See* Compl. ¶¶ 18, 19, 21, 26. The Complaint also references the Creative Commons license regarding the breach of contract claim, without a specific version. ECF Nos. 44-9, 44-10, 44-11, 45-9, 45-10, 45-11. *See id.* ¶¶ 18, 22, 36, 37. These documents are central to the complaint because the thrust of Leszczynski's claims is that Defendants infringed his copyright and/or violated the Creative Commons license. *Corinthian Colleges*, 655 F.3d at 998 (second requirement is that "the document is central to the plaintiff's claim"). Finally, Leszczynski has not questioned the authenticity of the documents. *See id.* (third

1    requirement is that "no party questions the authenticity of the document"). The Court therefore finds

2    that it is appropriate to consider these documents in deciding the Motion. This is notwithstanding the

3    denial of the RJN.

## MOTIONS TO DISMISS (ECF NOS. 44, 45, 51)

### I.    The Court has Personal Jurisdiction over All Defendants.

#### A.  Applicable Law

7            Under Federal Rule of Civil Procedure 12(b)(2), a party may file a motion to dismiss a

8    complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In the face of a 12(b)(2) motion,

9    "the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States*

10   *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). In determining whether it

11   lacks personal jurisdiction, a court may consider evidence presented in affidavits and may order

12   discovery on the jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001),

13   *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024

14   (9th Cir. 2017).

15           "However, 'when a district court acts on a defendant's motion to dismiss without holding an

16   evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to

17   withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would

18   support jurisdiction over the defendant.'" *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th

19   Cir. 1995)). Under such circumstances, a district court must accept the uncontroverted allegations in

20   the plaintiff's complaint as true. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127

21   (9th Cir. 2010). Although the court may not assume the truth of allegations in a pleading that are

22   contradicted by an affidavit, conflicts between the facts contained in the parties' affidavits must be

23   resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal

24   jurisdiction exists. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011);

25   *Unocal*, 248 F.3d at 922.

26           Moreover, when no applicable federal statute governing personal jurisdiction exists, as is the

27   case here, the district court applies the law of the state in which the district court sits. *Picot v.*

28   *Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125

1  (2014)). Accordingly, the Court looks to "California's long-arm statute [which] allows the exercise

2  of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Id.* at 1211

3  (quoting *Daimler*, 571 U.S. at 125); *see also* Cal. Civ. Proc. Code § 410.10.

4      Due process allows courts to exercise jurisdiction only over a defendant who has "certain

5  minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional

6  notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

7  (internal quotation marks omitted). Personal jurisdiction may be either general or specific. *See Picot*,

8  780 F.3d at 1211; *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141–42 (9th Cir. 2017); *see also*

9  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The "minimum

10  contacts" test requires a determination of reasonableness by the court by weighing the facts of each

11  case "to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. Superior*

12  *Ct. of Cal. ex rel City & County of San Francisco*, 436 U.S. 84, 92 (1978) (quoting *Hanson v.*

13  *Denckla*, 357 U.S. 235, 246 (1958)).

14      i.  General Jurisdiction

15      "General jurisdiction exists when a defendant is domiciled in the forum state or his activities

16  there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toppen*, 141 F.3d

17  1316, 1320 (9th Cir. 1998) (quoting *Helicopteros*, 466 U.S. at 414–16), *modified*, *Yahoo! Inc. v. La*

18  *Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). The Ninth

19  Circuit has recognized this as "an exacting standard, as it should be, because a finding of general

20  jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its

21  activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801

22  (9th Cir. 2004); *see also Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th

23  Cir. 2000) (noting that the standard for establishing general jurisdiction is "fairly high" and requires

24  contacts "that approximate physical presence"), *overruled on other grounds by San Diego Cnty.*

25  *Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1035 (9th Cir. 2023).

26      ii.  Specific Jurisdiction

27      Even if a defendant has not had continuous and systematic contacts with the state sufficient

28  to confer general jurisdiction, a court may exercise specific jurisdiction over the defendant. *Picot*,

780 F.3d at 1211. Specific jurisdiction exists where the claim for relief arises directly from a defendant's contacts with the forum state. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Jurisdiction is proper "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). For a court to exercise specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211.

The plaintiff bears the burden of satisfying the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff does so, the burden then shifts to the defendant to show why the exercise of personal jurisdiction would not be reasonable and fair under the third prong. *Id.*

Purposeful availment is found where "the defendant has taken deliberate action within the forum state or if [it] has created continuing obligations to forum residents." *Ballard*, 65 F.3d 1498. Purposeful direction is also a relevant analysis for claims sounding in tort. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Coloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (explaining that under both purposeful availment and purposeful direction, the question is "whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of 'random, fortuitous, or attenuated' contacts.'"). When determining purposeful direction, the "effects" test applies. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023) ("That test 'focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.'")

### B.  Discussion

Ruble, Kitchen Cube, Duffy, Toltz, and Spencer argue in their Motions that the Court lacks personal jurisdiction over them. The Court finds that there is not general jurisdiction over these

Defendants. However, Leszczynski has adequately pleaded facts that are sufficient to establish

specific personal jurisdiction over all Defendants.

i. The Court has personal jurisdiction over Kitchen Cube.

*1. General Jurisdiction*

The Court does not find general jurisdiction over Kitchen Cube, based on the facts before it.

The Supreme Court has explained that the "paradigm all-purpose forums for general jurisdiction are

a corporation's place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at

118. Kitchen Cube is a Minnesota corporation. Compl. ¶ 11. Its principal place of business is in

Minnesota. ECF No. 45-13, Ex. L. While these are not the only ways to find general jurisdiction

over a company, it is rare for general jurisdiction to be satisfied in other ways. *See BNSF Ry. Co. v.

Ryrell*, 581 U.S. 402, 413 (2017) (noting that outside of these two forums, general jurisdiction is

only established in an "exceptional case" where "a corporate defendant's operations in another

forum 'may be so substantial and of such a nature as to render the corporation at home in that

State'"); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (explaining that

"*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a

corporation"). Here, Leszczynski only argues that the Court has specific personal jurisdiction over

Kitchen Cube and does not provide any facts on general jurisdiction. Accordingly, the Court declines

to find general jurisdiction over Kitchen Cube.

*2. Specific Jurisdiction*

Nevertheless, the Court finds specific jurisdiction over Kitchen Cube as (1) Kitchen Cube

purposefully availed itself of the California market, (2) Leszczynski's claims arise out of or relate to

Kitchen Cube's in-state activities, and (3) it is not unreasonable to exercise jurisdiction over Kitchen

Cube.

First, Kitchen Cube purposefully availed itself of the forum. The Ninth Circuit states that

"operating a website 'in conjunction with something more'—conduct directly targeting the forum—

is sufficient" to satisfy the express aiming prong. *Herbal Brands, Inc.*, 72 F.4th at 1092 (citing

*Mavrix*, 647 F.3d at 1229). In *Herbal Brands,* the court held that "the sales of physical products into

a forum via an interactive website can be sufficient to establish that a defendant expressly aimed its

1   conduct at the forum, provided that two key elements are present." *Herbal Brands,* 72 F.4th at 1094.

2   "First, the sales must occur as part of the defendant's regular course of business instead of being

3   'random, isolated, or fortuitous.'" *Herbal Brands,* 72 F.4th at 1094 (quoting *Keeton*, 465 U.S. at

4   774) "Second, the defendant must exercise some level of control over the ultimate distribution of its

5   products beyond simply placing its products into the stream of commerce." *Id.*

6        Leszczynski's allegations meet this standard. Even though Leszczynski did not specify from

7   which Defendant he received delivery of the Cubes, he alleges on Complaint that one Cube was

8   delivered on July 26, 2023, and other two Cubes were delivered on July 29, 2023, both to his

9   residence in California. Compl. ¶ 5. Leszczynski also contends that Kitchen Cube "conduct[s]

10   business in the state of California using Amazon.com, and/or Ebay.com, and/or their individual

11   websites." *Id.* ¶¶ 5, 32. While Kitchen Cube lists a number of things it does not do in California, it

12   notably does not dispute that it markets and sells the Cubes in California through its website. ECF

13   No. 45 at 20. Therefore, Kitchen Cube allegedly used its website as their means of conducting

14   regular business—to make product sales to California residents and cause the product, the Cube, to

15   be delivered to the forum.

16        Second, Leszczynski's claims relate to Kitchen Cube's forum-related activities.

17   Leszczynski's claims—Kitchen Cube infringed his copyright on the Cube, breached the Creative

18   Commons license, and falsely advertised the Cube—clearly arise out of and relate to Kitchen Cube's

19   conduct of selling those same products to California residents. *See* Compl. *See also Herbal Brands*,

20   72 F.4th at 1096 (holding that the defendant's promotion, sale, and distribution of products through

21   Amazon in the forum relate to the plaintiff's trademark claims).

22        Finally, it is reasonable for the Court to exercise jurisdiction over Kitchen Cube. The Court

23   considers whether the exercise of personal jurisdiction over Kitchen Cube as to Leszczynski's claims

24   offends the traditional notions of fair play and substantial justice, and finds that it does not. *Burger*

25   *King Corp.*, 471 U.S. at 476. Courts should "evaluate 'the burden on the defendant,' 'the forum

26   State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and

27   effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of

28   controversies,' and the 'shared interest of the several States in furthering fundamental substantive

social policies.'" *Id.* at 477 (noting that "[t]hese considerations sometimes serve to establish the

reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be

required"). It is the defendant's burden to establish that personal jurisdiction in this case would be

unconstitutional. *Id.* at 482. Here, Kitchen Cube does not present any arguments with regard to these

factors, including any burden on it from litigating in California.

Accordingly, the Court finds it reasonable to exercise specific jurisdiction over Kitchen

Cube.

ii.   The Court has personal jurisdiction over Ruble, Toltz, and Spencer.

Ruble, Toltz, and Spencer[4] argue that the Court does not have personal jurisdiction over

them. ECF Nos. 44 at 21–22, 51 at 11–12.

General jurisdiction exists either in a forum where the defendant is domiciled, or where the

defendant has activities that are either "substantial" or "continuous and systematic" *Panavision*, 141

F.3d at 1320. Here, Leszczynski alleges: (1) Ruble is domiciled in Minnesota; (2) Toltz is domiciled

in Nevada; and (3) Spencer is domiciled in Florida. Compl. ¶¶ 15, 16, 17. Leszczynski only argues

that the Court has specific personal jurisdiction over Ruble, and does not provide any facts on the

general jurisdiction of Ruble, Toltz, and Spencer. Accordingly, the Court declines to find general

jurisdiction over all of them.

Nevertheless, the Court finds specific jurisdiction over them as (1) they purposefully availed

themselves of the California market, (2) Leszczynski's claims arise out of or relate to their in-state

activities, and (3) it is reasonable to exercise jurisdiction over them.

First, Leszczynski has properly alleged that Ruble, Toltz, and Spencer purposefully availed

themselves of the forum.[5] Even though Leszczynski did not specify from which Defendant he

---

[4] Toltz and Spencer include their personal jurisdiction argument under the subtitle "Plaintiff Has Pled No
Valid Claims Against the Individual Defendants," alleging that Leszczynski insufficiently argues facts
regarding personal jurisdiction. ECF No. 51 at 10–12.

[5] Toltz and Spencer argues in their Motion that the sole alleged basis for jurisdiction over them is their
association with their respective entities and the corporate veil needs to be pierced. ECF No. 51 at 11.
However, Leszczynski does not allege that Toltz or Spencer should be liable for actions of other corporation
Defendants, rather Leszczynski merely argues that they are individually liable. Compl. ¶¶ 52–54. Likewise,

received delivery of the Cubes, he alleges on Complaint that one Cube was delivered on July 26, 2023, and other two Cubes were delivered on July 29, 2023, both to his residence in California. Compl. ¶ 5. Leszczynski also contends that "all defendants conduct business in the state of California using Amazon.com, and/or Ebay.com, and/or their individual websites." *Id.* ¶¶ 5, 32. Toltz and Spencer argue that there is not any assertion that they should be held liable separate and apart from their corporations, ECF No. 51 at 12, and Ruble lists a number of things he does not do in California. ECF No. 45 at 20. But, notably, these three defendants do not dispute that they market and sell the Cubes in California through online markets or websites. The sales of physical products into a forum via an interactive website can be sufficient to establish that a defendant expressly aimed its conduct at the forum. *Herbal Brands, Inc.*, 72 F.4th at 1094. Therefore, Leszczynski properly alleged that they used online market or their website as their means of conducting regular business—to make product sales to California residents and cause the product, the Cube, to be delivered to the forum.

Second, Leszczynski has properly alleged that his claims relate to the forum-related activities of Toltz, Ruble, and Spencer. Leszczynski's claims—that the Defendants infringed his copyright on the Cube, breached the Creative Commons license, and falsely advertised the Cube—clearly arise out of and relate to their forum-related activities of selling the Cubes to California residents. Compl. ¶¶ 30, 31, 33. *See also Herbal Brands*, 72 F.4th at 1096 (holding that the defendant's promotion, sale, and distribution of products through Amazon in the forum relate to the plaintiff's trademark claims).

Finally, it is reasonable for the Court to exercise jurisdiction over these Defendants. The Court considers whether the exercise of personal jurisdiction over these Defendants as to Leszczynski's claims offends the traditional notions of fair play and substantial justice, and finds that it does not. *Burger King Corp.*, 471 U.S. at 476. Furthermore, it is the *defendant's* burden to

---

Leszczynski does not argue Ruble's specific activities related to Kitchen Cube in either Complaint. *See* Compl. In Opposition, Leszczynski argues that Ruble "set up the fraudulent LLC for the sole purpose of escaping personal liability and Plaintiff has the right to challenge Defendant in this matter, fraudulent LLCs do not protect their owners from personal liabilities," but the Court does not consider it because there is no allegation of Ruble's liability concerning the activity of Kitchen Cube in Complaint. ECF No. 56 at 21.

establish that there is not personal jurisdiction in this case. *Id.* at 482. Here, Ruble does not present any arguments with regard to these factors, including any burden on it from litigating in California. *See* ECF No. 44. Although Toltz and Spencer argue Leszczynski's claim fails under Wyoming law on piercing the corporate veil, this argument does not meet their burden under the third element—because Leszczynski's jurisdictional claim is not based upon piercing the corporate veil. ECF No. 51 at 11–12.

Accordingly, the Court finds it reasonable to exercise specific jurisdiction over Ruble, Toltz, and Spencer.

### iii.   The Court has personal jurisdiction over Duffy.

Duffy argues that the Court does not have personal jurisdiction over Duffy. ECF No. 51 at 11. Leszczynski argues that Duffy is liable for the actions of Altamatic under the doctrine of piercing corporate veil because Duffy created Altamatic for fraudulent purposes related to the Cube. Compl. ¶ 50.

General jurisdiction exists either in a forum where the defendant is domiciled, or where the defendant has activities that are either "substantial" or "continuous and systematic" *Panavision*, 141 F.3d at 1320. Leszczynski alleges Duffy is domiciled in Illinois, and Altamatic—allegedly created by Duffy for fraudulent purposes—is a corporation based in Wyoming. Compl. ¶¶ 12, 13. Leszczynski does not further provide any facts on Duffy's general jurisdiction. Accordingly, the Court declines to find general jurisdiction over Duffy.

Concerning specific jurisdiction, Duffy argues that Leszczynski's claim against Duffy is unjust or unfair, because his claim against Altamatic fails under Wyoming law which requires an injustice or unfairness must be proven. ECF No. 51 at 11. However, a request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself. *Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999). The only factual basis for personal jurisdiction over Duffy on Complaint is that Duffy created Altamatic exclusively for fraudulent purposes related to the Cube. Compl. ¶ 35. Given the Court has found that it has personal jurisdiction over Altamatic, this factual allegation is sufficient

for finding personal jurisdiction over Duffy. Compl. ¶ 50. Therefore, the Court finds it reasonable to

exercise specific jurisdiction over Duffy.

## II.   Ruble Failed to Show that Service against Him Was Improper

### A.  Applicable Law

Under Federal Rule of Civil Procedure Rule 4(e)–(1), a plaintiff may serve a defendant by

either (1) following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made; or (2) doing any

of the following: (A) delivering a copy of the summons and of the complaint to the individual

personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an

agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. Rule 4(e).

California law authorizes service to a person outside the state by, among other means,

"sending a copy of the summons and of the complaint to the person to be served by first-class mail,

postage prepaid, requiring a return receipt." *See* Cal. Civ. Proc. Code § 415.40 ("section 415.40").

Plaintiff bears the burden of establishing the validity of service. *Hickory Travel Sys., Inc. v.*

*TUI AG*, 213 F.R.D. 547, 551–552 (N.D.Cal.2003). "The filing of a proof of service creates a

rebuttable presumption that the service was proper." *Floveyor Int'l, Ltd. v. Super. Ct.*, 59

Cal.App.4th 789, 795 (1997).

### B.  Discussion

Although Leszczynski filed a purported proof of service as to Ruble, Ruble argues the Court

should dismiss all claims against him for insufficient service of process. Having reviewed the record,

the Court finds that Leszczynski properly served Ruble.

The filing of a proof of service creates a presumption that the service was proper, however, if

the sufficiency of service is challenged, "the party on whose behalf service was made . . . has the

burden to establish its validity." *Hickory Travel Sys.,* 213 F.R.D. at 551. Ruble raises two arguments

as to why service was improper: (1) the address—5123 W 98th Street, #1114, Minneapolis, MN

55437—where a copy of the Summons and Complaint was mailed is not Ruble's address and is

rather a virtual PO box listed as the "Contact Us" address for Kitchen Cube; and (2) the return

receipt was signed by unauthorized person. ECF No. 44 at 3–4. Ruble asserts that he resides in North Carolina, and that he does not know who the person who signed the receipt for the mail ("Mau Jo Kofles") is. *See* Ruble Motion at 4; *see also* ECF No. 19 (Proof of Service as to Ruble). Ruble further states that he "has not been to the Minnesota Address in over two years," an apparent concession that he has been to that address at some point and does have some affiliation with it. *See* Ruble Motion at 4.

Leszczynski argues in his Opposition that Ruble provided the Minnesota address to Amazon when Ruble responded to Leszczynski's Digital Millennium Copyright Act (DMCA) complaint. *See* ECF No. 56-9 (Ruble's DMCA Response). Ruble appears to have stated that the Minnesota address was his mailing address and agreed to have accept service of process from Leszczynski. *See id.* ("Full Legal Name: Tyler Ruble[;] Email Address: info@thekitchencube.com[;] Mailing Address: 5123 W 98th St. #1114 Minneapolis MN 55437 . . . I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person"). The DMCA response does not state specifically that Ruble agreed to accept service at the Minnesota address, and only states that the Minnesota address is his mailing address, and he will accept service of process from Leszczynski. *See id.*

The Court finds that because Ruble himself provided this address in connection with the dispute with Leszczynski, Ruble's argument that the summons was sent to the wrong address fails. Although Ruble states that he does not live at that address, he does not argue that he is unable to receive mail there. *See* ECF No. 44-15. In fact, Ruble concedes that he did in fact receive a copy of the service package delivered in Minnesota, because Kitchen Cube (an LLC of which Ruble is the sole member) "receives scans of mail that is received at the" Minnesota address. *See id.* ¶ 6. Section 415.40, which authorizes service to a person by first-class mail, does not require that the mail be delivered to the person's place of residence. *See* Cal. Civ. Proc. Code § 415.40. Although the Court is aware of no authority addressing this question, it stands to reason that if a person has a different mailing address than their address of residence, service by mail should go to the mailing address. Ruble provided the Minnesota address to Leszczynski as his mailing address, and once the mail was delivered there, Ruble received a copy of it.

Ruble's arguments otherwise are unavailing. Ruble argues that the signature by Mau Jo Kofles makes the service improper. But section 415.40 only requires that process be served "by first-class mail, postage prepaid, requiring a return receipt." *See* Cal. Civ. Proc. Code § 415.40. It does not require the return receipt be signed by the person who is to be served. *See id.* Here, there is no doubt that the mail arrived, given Ruble's concession that he received a scanned copy. *See* ECF No. 44-15 ¶ 6. No authority suggests that the signature makes service invalid. Ruble cites to *Lebel v. Mai*, 210 Cal. App. 4th 1154 (2012), which Ruble asserts stands for a rule that "if the signature on the return receipt is that of someone other than the defendant, that person" must be authorized to receive service of process. *See* Ruble Motion at 4 (citing *Lebel*, 210 Cal. App. 4th at 1164). But the portion of *Lebel* cited was discussing California Code of Civil Procedure section 416.90, which authorizes service "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." *See Lebel*, 210 Cal. App. 4th at 1164 (citing Cal. Civ. Proc. Code § 416.90). *Lebel* never even mentions section 415.40. *See Lebel*, 210 Cal. App. 4th at 1164. No authority suggests that service via mail pursuant to section 415.40 must be signed for by either the defendant himself or an agent to receive process. Ruble next cites to *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181 (D.D.C. 2008), which held, in analyzing the service rules of the District of Columbia, that if the person who signs for mail is not authorized to receive service, the service via mail is insufficient. *See* Ruble Mot. at 4; *Cruz-Packer*, 539 F. Supp. 2d at 187. This case analyzing a different service rule has little relevance to the Court's analysis of section 415.40. Finally, Ruble cites to *Little v. Eastern Dist. Police Station*, 2014 WL 271628, (D.Md. Jan.22, 2014), which analyzed Maryland's service rules and held that "Service by certified mail, not designated for 'Restricted Delivery,' to an unauthorized agent at a Defendant's workplace is not sufficient." *See* Ruble Mot. at 4; *Little v*, 2014 WL 271628 at *3. Again, this case analyzing another service rule has little relevance. Ruble has not provided any authority suggesting that when a defendant is served via mail outside of California pursuant to section 415.40, and the defendant does not dispute that the mail was received, but notes that the signature on the mail was not by his authorized agent for service of process, the service is improper.

The Court finds that service was proper under section 415.40, and thus proper under the relevant Federal Rule. Thus, Ruble's arguments regarding service of process fail, and the claims against Ruble will not be dismissed on this basis.

### III. Defendants' Assertions that Leszczynski's Complaint Fails to State a Claim Succeed in Part

#### A. Applicable Law

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id*. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most

favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A district court should generally grant leave to amend freely. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). However, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.*

### B. The Copyright Infringement Claim Fails as Leszczynski Has Not Registered The Copyright to the Cube.

#### i. Applicable Law

To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co. Inc.,* 499 U.S. 340, 361 (1991) (*citing Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 548 (1985)) As to registration and civil infringement actions, 17 U.S.C. § 411(a) dictates that:

> Except for an action brought for a *violation of the rights of the author under section 106A(a),* and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and *registration has been refused*, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a) (emphasis added).

The Supreme Court has held that "we conclude that 'registration ... has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019).

#### ii. Discussion

Defendants argue that Leszczynski failed to obtain a registration decision before filing the lawsuit, and his claims must be dismissed for this reason. ECF Nos. 44 at 8–9, 45 at 6–7, 51 at 5–6. Leszczynski merely alleges that he filed an application for copyright registration for the Cube.

21

1   Compl. ¶ 20. In his Oppositions, he admits he has not yet obtained registration by the Copyright

2   Office, but he still opposes the Motions on two grounds: (1) *Fourth Est. Pub. Benefit Corp.* allows

3   the filing of copyright infringement claim once the application for registration is filed; and (2) an

4   exception of 17 U.S.C. § 411(a) which allows a civil action for a violation of the rights under §

5   106A(a) applies to this case because the Cube falls into "works of visual art". ECF Nos. 56 at 15–16,

6   57 at 15–16, 58 at 13–14.

7        First, in *Fourth Est. Pub. Benefit Corp.,* the Supreme Court clearly held that merely filing an

8   application to the United States Copyright Office does not satisfy the registration element under 17

9   U.S.C. § 411(a). *Fourth Est. Pub. Benefit Corp.,*139 S. Ct. at 892. Therefore, Leszczynski's first

10  argument fails.

11       Second, the exception for 17 U.S.C. § 410(a) does not apply to this case because Leszczynski

12  argues that Defendants infringed his exclusive copyright under *Section 106*, not his rights of the

13  author to attribution and integrity under *Section 106A(a)*. *See generally* Compl. 17 U.S.C.

14       17 U.S.C. § 106A(a) sets forth five rights of attribution and integrity that "the author of a

15  work of visual art" shall have:

16       [1] the right . . . to claim authorship of that work . . .
     [2] [the right] to prevent the use of his or her name as the author of any work of visual
17   art which he or she did not create . . .
     [3] the right to prevent the use of his or her name as the author of the work of visual art
18   in the event of a distortion, mutilation, or other modification of the work which would
     be prejudicial to his or her honor or reputation . . .
19   [4] the right . . . to prevent any intentional distortion, mutilation, or other modification
     of that work which would be prejudicial to his or her honor or reputation, and any
20   intentional distortion, mutilation, or modification of that work is a violation of that right,
     and
21   (5) [the right] to prevent any destruction of a work of recognized stature, and any
     intentional or grossly negligent destruction of that work is a violation of that right.
22

23  17 U.S.C. § 106A(a)(1)–(3).

24       The purpose of 17 U.S.C. § 106A is to protect two 'moral rights' of artists—the rights of

25  'integrity' and 'attribution.' *Cheffins v. Stewart*, 825 F.3d 588, 592 (9th Cir. 2016) (*citing Cort v. St.*

26  *Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 984–85 (9th Cir. 2002)) "The right of integrity allows

27  the [artist] to prevent any deforming or mutilating changes to his work, even after the title in the

28  work has been transferred" *Id.* at 985. "The right of attribution allows the artist to be recognized by

name as the creator of a work." *Id*. However, here, Leszczynski brought the copyright infringement claim under 17 U.S.C. § 106, a different section, alleging that Defendants reproduced, distributed, and created derivative works for the Cube. Compl. ¶ 31. *See also* 17 U.S.C. § 106. Furthermore, in his Oppositions, although he argues that the Cube falls into "works of visual arts," he does not argue that Defendants violated his moral rights as an author—the rights of 'integrity' and 'attribution.' ECF No. 58 at 14. Accordingly, the exception of 17 U.S.C. § 411(a) does not apply to this lawsuit, and the Court need not further analyze whether the Cube falls into "works of visual arts" or not.

Therefore, Leszczynski did not obtain copyright registration for the Cube before filing this lawsuit which is a prerequisite for civil action under 14 U.S.C. 411(a). The Motions are GRANTED.

### C. The Claim Regarding Breach of the Creative Commons License Survives.

#### i.  Applicable Law

To state a claim for breach of contract under California law[6], Plaintiff must plead facts establishing the following elements: (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A breach of contract claim should be dismissed if the plaintiff fails to allege specific facts supporting the necessary elements. *Neal v. Quality Loan Serv. Corp.*, 301 Fed.Appx. 679, 680 (9th Cir. 2008).

Under California law, "[i]t is essential to the existence of a contract that there should be: (1) [p]arties capable of contracting; (2) [t]heir consent; (3) [a] lawful object; and (4) [a] sufficient cause or consideration." Cal. Civ. Code § 1550. California courts apply an objective test to ascertain whether there is mutual assent. *Meyer v. Benko*, 127 Cal.Rptr. 846, 848 (Cal.Ct.App.1976).

California Civil Code section 3300 provides, "For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. California Civil Code section 3301 further

---

[6] The Court finds California law applies here, because the choice of law is not disputed, where Leszczynski did not mention which state law should apply to this claim on Complaint, and Defendants cite California law as to this claim in their Motions. Compl. ¶¶ 36–38. ECF No. 45 at 13–16.

provides that "No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." *Id* at § 3301. A plaintiff seeking damages for future harms must prove "with reasonable certainty and probability that damages will result in the future." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 961 (9th Cir. 2001) (quoting *Caminetti v. Manierre*, 23 Cal.2d 94, 101 (1943)).

### ii.  Discussion

Kitchen Cube and Ruble argue Leszczynski's claim for violation of the Creative Commons license must be dismissed because (1) a contract does not exist; (2) Kitchen Cube did not breach the Creative Commons license; (3) it is a duplicative claim for copyright infringement claim with no damages; and (4) there has been no consideration or performance by Leszczynski. ECF Nos. 44 at 15–18, 45 at 13–16. Duffy argues that the Creative Commons license only applies to material in which a copyright exists, and because Leszczynski does not have a copyright on the Cube, it is not protected by the license. [7] ECF No. 51 at 6.

Leszczynski alleges in the Complaint that Defendants violated the Creative Commons license terms prohibiting non-commercial and non-derivative use, which was clearly stated on the Cube's Thingiverse page. Compl. ¶¶ 36, 37.

The Court finds that Leszczynski has properly pleaded a cause of action for breach of contract.

> *1.  Leszczynski has properly pleaded the existence of a contract between Leszczynski and Defendants, namely the Creative Commons license.*

There is no dispute that the first and second required elements—parties capable of contracting and a lawful object—are present. *U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999). Kitchen Cube argues that the second element—mutual consent—and the fourth element—consideration—are missing. ECF No. 45 at 13–16. Kitchen Cube also contends that Leszczynski fails to plead the terms of the Creative Commons license at issue. *Id.*

---

[7] At the hearing, Defendants also argued that this state law claim should be preempted by the Copyright Act. The Court need not reach this issue because it was not raised by the Defendants in their papers.

1    First, Defendants argue that it is unclear which specific version of the Creative Commons

2    license Leszczynski alleges that Defendants violated because Leszczynski did not refer to any

3    website, nor file Exhibitions attached to the Complaint. However, Defendants do not argue that

4    version does not contain terms prohibiting commercial use or derivative use of the copyrighted

5    subject. The Court finds, reading the Complaint in Leszczynski's favor, that Leszczynski adequately

6    alleges that Defendants violated the non-commercial clause of the Creative Commons license

7    regardless of which version of that license is deemed relevant. Compl. ¶ 18. He also alleges that the

8    license's terms prohibit any commercial activities involving the Cube. *Id.* ¶¶ 36, 37. At this stage of

9    Motion to Dismiss, Leszczynski's allegation that Creative Common license prohibited commercial

10   or derivative use of the Cube is sufficient.

11   Second, Kitchen Cube argues that mutual consent is missing as Leszczynski has not alleged

12   acceptance of the Creative Commons license. The Court finds that the Defendants' act of

13   downloading or utilizing the Cube file from Leszczynski's Thingiverse page can constitute

14   acceptance. In the Complaint, Leszczynski alleges that "[the Cube file was] provided under the

15   Creative Commons, non-commercial, no derivatives use license . . . the Cube's availability for the

16   public under a strict non-commercial license," "I chose to distribute the Cube under a Creative

17   Commons license, specifically the non-commercial, no derivatives use license." Compl. ¶¶ 18, 22. It

18   is undisputed that Creative Commons license was accessible on his Thingiverse page.[8] The Court

19   must accept that allegation as true and construe it in the light most favorable to Leszczynski. The

20   most favorable interpretation of the allegations "provided under Creative Commons," "under a

21   Creative Commons" is that the Cube file was distributed to those who only accept the Creative

22   Commons license, and thus Defendants had accepted the agreement.

23   Lastly, Kitchen Cube argues that there was no consideration provided for the Creative

24   Commons license. The Court finds that there is consideration sufficient to create a contract. The

25   California Civil Code provides that consideration is an essential element of a contract. Cal. Civ.

26   _____

27   [8] Kitchen Cube, in its RJN, explains that Leszczynski's Thingiverse page states that "Bakercube by iomaa is
     licensed under the Creative Commons-Attribution-Non-Commercial-No-Derivates license," and Kitchen
28   Cube provides the link to Creative Commons license version 4.0. ECF No. 47 at 6.

Code § 1550. It further provides that "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." *Id.* at § 1605. The term "good consideration," as used in this section, is equivalent to "valuable consideration" and not adequate consideration in terms of monetary value. *Bank of California v. Connolly*, 36 Cal. App. 3d 350, 377 (Ct. App. 1973)

Leszczynski sufficiently alleges that there was consideration in the Creative Commons license. *See* Compl. ¶¶ 23, 24. He describes that his Cube gained a high reputation and popularity of the Cube, with over 150,000 downloads in the first 2 years, by providing the Cube free of charge with the Creative Commons license. *Id.* Leszczynski made his design available, and received reputational benefits as a result, and requested that any user of the design (including, allegedly, Defendants) agree not to use the design commercially. This appears to be a benefit to both sides, which is a sufficient allegation of consideration at this stage. *See Coastside Fishing Club v. California Res. Agency*, 158 Cal. App. 4th 1183, 1193 (explaining that a charitable foundation, which entered into memorandum of understanding (MOU) with a government agency to provide private funds to defray the costs of implementing the Marine Life Protection Act (MLPA), received adequate consideration for the funds it provided, where the MOU imposed numerous duties on the agency that were not mandated by the MLPA.)

Accordingly, the Court finds that a contract exists between Leszczynski and Defendants.

### 2. *Leszczynski has properly alleged the existence of a valid license agreement regarding the Cube.*

Defendants argue that the license agreement is not valid because Leszczynski has not registered his copyright on the Cube, and the Cube is not copyrightable because of its function.

First, even though Leszczynski does not registered a copyright on the Cube, he could own a copyright on the Cube without registration as long as he created it. "Registration of the copyright is a simply a precondition for filing a copyright infringement lawsuit. Registration is permissive, not mandatory, and may be made long after the work comes into existence. The owner has various

26

exclusive rights in the work, regardless of whether it is registered." *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 678 (9th Cir. 2014). ("When a photographer has fixed an image in a tangible medium of expression, he owns the copyright, even though he has not registered it with the Copyright Office.") The owner of copyright has the exclusive rights under 17 U.S.C. § 106. Thus, Leszczynski has the rights to prohibit reproducing, preparing derivative works, and distributing copies to the public by sale by Creative Commons license.

Second, the Court finds that, at this stage, Leszczynski's allegations as to the copyrightability of the Cube suffice. Defendants argue that the Cube is not copyrightable because it is a "useful article" under 17 U.S.C. § 101. ECF No. 45 at 7. A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. 17 U.S.C. § 101. Section 101 affords limited protection for the artistic elements of a useful article, dictating:

> "*Pictorial, graphic, and sculptural works*" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; *the design of a useful article*, as defined in this section, *shall be considered a pictorial, graphic, or sculptural work* only if, and only to the extent that, such design incorporates *pictorial, graphic, or sculptural features* that can be identified *separately* from, and are capable of existing independently of, the utilitarian aspects of the article.

*Id.* (emphasis added).

The Supreme Court has held that "a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two-or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated." *Star Athletica, L.L.C. v. Varsity Brands, Inc*., 580 U.S. 405, 408 (2017).

Here, Leszczynski alleges that the Cube "combines various measuring volumes into a single cubical structure," Compl. ¶ 23, and, in his Oppositions, he admits that it has a utilitarian function—although he argues utility is a secondary purpose. ECF No. 56 at 3. Thus, the Cube falls into a

"useful art," as it is not merely to portray the appearance of the article or to convey information, but it has a function as a measuring device. 17 U.S.C. § 101. However, at this stage, the *Star Athletica* test is satisfied in this case. Leszczynski alleges that the Cube is a unique and creative work that combines various measuring volumes into a single cubical structure. Compl. ¶ 23. Reading the Complaint in Leszczynski's favor, he has alleged protection over a feature of the design. First, one can identify the cubical structure with various volumes as features having pictorial, graphic, or sculptural qualities. Second, imaginatively the cubical structure is separated from the Cube, and it qualifies as a three-dimensional work of art. For example, the cubical structure can be printed by a 3D printer of a smaller or bigger size than the original one, and it would not replicate the Cube as a measuring device with ten different volumes. In *Star Athletica*, the Supreme Court rejected "the view that a useful article must remain after the artistic feature has been imaginatively separated from the article," and explained that "statutory text indicates that separability is a conceptual undertaking [. . .] the physical-conceptual distinction is unnecessary." *Star Athletica,* 580 U.S. 421–22. Thus, for purposes of these motions, the cubical structure is separable from the Cube and eligible for copyright protection.

Finally, although the Defendants allege that the Creative Commons license is limited to copyright, it appears that the license actually concerns "Copyrights and Similar Rights," which is presumably broader than copyright and plausibly includes the additional rights Leszczynski alleges were violated.

### 3. *Leszczynski properly pleads Defendants breached the Creative Commons license.*

Kitchen Cube and Ruble argue that Defendants did not breach the Creative Commons license because it only prohibits the *exercise of the copyright* in a licensed work, but not the *use* of the Cube file.[9] ECF Nos. 44 at 16, 45 at 15. Leszczynski alleges that the Creative Commons license restricts commercial use or creation of derivative works of the Cube (which was posted on Leszczynski's

---

[9] Kitchen Cube and Ruble differentiate "the exercise of copyright" and "the use of the Cube file." ECF Nos. 44 at 16, 45 at 15. However, since Leszczynski can exercise his copyright of the Cube without registration of the copyright at the Copyright Office, he can prohibit the use of the Cube file as the exercise of copyright.

Thingiverse page). Compl. ¶¶ 18, 22. Reading the Complaint in the light most favorable to Leszczynski, as the Court must at this stage, Leszczynski sufficiently alleges that manufacturing and selling the Cube constitute the commercial use of the Cube, and is prohibited under the Creative Commons license; thus, Defendants breached the agreement. The Court thus declines to dismiss the breach of contract claim on this ground.

### 4. Leszczynski sufficiently pleads actual damages at this stage.

Defendants argue that Leszczynski has failed to properly plead damages from the breach because he only pleads damages related to copyright infringement, and the only remedy for violation of the Creative Commons license is the termination of the license. ECF Nos. 44 at 17, 45 at 15.

First, the Court finds that Leszczynski has properly pleaded damage from the breach. In his prayer for relief, he states that he seeks "actual damages" and does not limit those to his copyright infringement claim. Compl. ¶¶ 41–43,46–48, 51–53. Accordingly, drawing all inferences in his favor, he is seeking—and has pleaded—actual damages from the copyright infringement and the breach. Reading the Complaint in Leszczynski's favor, he pleads that his actual damages from the breach and/or the copyright infringement can be measured by multiplying the number of units sold by each Defendant by $10 per unit. The Court finds that, at this stage, Leszczynski's damages allegations suffice.

Second, the Court finds that Leszczynski is not prevented from seeking a remedy other than termination of the license, as at least one version of the Creative Commons license explicitly states "right […] to seek remedies" other than termination of the license. The Creative Commons license 4.0 section 6 states that:

> a. This Public License applies for the term of the Copyright and Similar Rights licensed here. However, if You fail to comply with this Public License, then Your rights under this Public License terminate automatically.
> b. Where Your right to use the Licensed Material has terminated under Section 6(a), it reinstates: 1. automatically as of the date the violation is cured, provided it is cured within 30 days of Your discovery of the violation; or 2. upon express reinstatement by the Licensor.
> For the avoidance of doubt, this Section 6(b) *does not affect any right* the Licensor may have to seek *remedies* for Your violations of this Public License.

ECF No. 45-9 at 8 (emphasis added).

Accordingly, under Section 6(b), the licensor can still exercise rights to seek remedies, including actual damages, for violations even after a terminated license is reinstated. *Id.* It stands to reason that a licensor could exercise similar rights even if a terminated license is not reinstated. Even though the other two versions of the Creative Commons license do not have similar clauses referring to other remedies, they importantly do not *exclude* the licensor's right to seek damages resulting from violation of the agreement. ECF Nos. 45-10, 45-11. Accordingly, drawing all inferences in Leszczynski's favor, he can seek damages for Defendants' breaches of the Creative Commons license.

Therefore, the Motions are DENIED.

### D. Leszczynski Properly States a False Advertising and Misrepresentation Claim against Kitchen Cube, But Not Against the Other Defendants.

#### i. Applicable Law

15 U.S.C. § 1125(a), which is Lanham Act § 43(a), prohibits the use of false designations of origin, false descriptions, and dilution.

To demonstrate a false advertising claim under Lanham Act § 43(a), the plaintiff must show five elements: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 244 (9th Cir.1990))

Furthermore, Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003);

*Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity"). Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Even in cases where fraud is not a necessary element of a claim, the Rule 9(b)'s requirements apply to alleged fraudulent conduct. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) ("Because Davidson's common law fraud, CLRA, FAL, and UCL causes of action are all grounded in fraud, the FAC must…the heightened pleading requirements of Rule 9(b)); *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."); *Vess*, 317 F.3d at 1103–04 ("[i]n cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct.")

### ii.  Discussion

The Kitchen Cube argues that the claim for false advertising and misrepresentation requires dismissal because (1) Leszczynski has no right to assert a Lanham Act 43(a) false advertising claim, and (2) Leszczynski admits that Kitchen Cube's statements are true. ECF No. 45 at 16–19. Altamatic, Insider Goods, Toltz, Ruble, Duffy, and Spencer argue that Leszczynski fails to allege the claim against them and plead elements under the Lanham Act 43(a). ECF. No. 51 at 6–7.

> *1.  Leszczynski fails to plead this claim against Altamatic, Insider Goods, Toltz, Ruble, Duffy, and Spencer.*

Rule 9(b)'s heightened pleading standards apply to this claim for false advertising and misrepresentation because Leszczynski alleges that the defendants have engaged in fraudulent conduct. *See Davidson,* 889 F.3d at 964. Federal Rule of Civil Procedure 9(b) requires "who, what, when, where, and how" of the fraudulent activity. *Vess*, 317 F.3d at 1106. Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Id.*

Here, while Leszczynski alleges this cause of action is against all Defendants, he does not provide any specific allegations against any Defendants other than Kitchen Cube.[10] Compl. ¶¶ 39–41. Hence, the Court concludes Leszczynski does not satisfy Rule 9(b)'s requirement concerning his allegation against Altamatic, Insider Goods, Toltz, Ruble, Duffy, and Spencer. Leszczynski shall be granted leave to amend as it does not appear that amendment would be futile. *See Manzarek*, 519 F.3d at 1031.

The Ruble Motion and the Duffy Motion are GRANTED as to the false advertising claim. Leszczynski is granted leave to amend.

> 2. *Leszczynski has standing under the Lanham Act because he has properly pleaded injury.*

Kitchen Cube argues that Leszczynski has failed to plausibly allege statutory standing under the Lanham Act because Leszczynski did not argue any injury caused by the violation. ECT No. 45 at 17.

In *Lexmark*, the Supreme Court held that, to have statutory standing, a plaintiff alleging a Lanham act violation must show: (1) she is within the "zone of interest" protected by the statute; and (2) that there is proximate cause between her injury and the alleged violation. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 131–132 (2014). To "come within the zone of interests in a suite for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131–32. A plaintiff must also how that her injury is "proximately caused by violations of the statute." *Id.* at 132. While the "proximate-cause inquiry is not easy to define," "courts have a great deal of experience applying it, and there is a wealth of precedent for them to draw upon in doing so." *Id*. at 133. Ultimately, the "question [the proximate-cause inquiry] presents is whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Id.* In the Lanham Act false advertising context, the Supreme Court has held

---

[10] Leszczynski merely argues that his allegations as to false advertising and misrepresentation are specific and detailed, articulating "who, what, when, where, and how" of the alleged Defendants' behaviors; however, does not offer further detailed facts on them in his Oppositions. ECF No. 58 at 12–13, 18–19.

that a plaintiff "must show economic or reputation injury flowing directly from the deception wrought by the defendant's advertising." *Id.*

Here, although Leszczynski did not clearly state what specific injury was caused, reading Complaint in Leszczynski's favor, Leszczynski sufficiently shows that Kitchen Cube's behavior misleads the public regarding the Cube's origin which affects Leszczynski's market. Comp. ¶ 41. Since *Lexmark* allows a claim under Lanham Act 43(a) when a plaintiff shows reputational injury, as well as economic injury, the Court finds that Leszczynski can sue for his losses regarding reputational injury. *Lexmark Intern.,* 572 U.S. at 129, 131–132.

### 3. *Leszczynski properly alleges a false statement by Kitchen Cube.*

Leszczynski alleges that Kitchen Cube's website contains the following false statements: (1) that Kitchen Cube "designed and manufactured" the Cube; and (2) that Kitchen Cube filed a patent application on the Cube. *See* Compl. Kitchen Cube argues that Leszczynski admits that the alleged first false statements are true, as his copyright infringement claim is about Kitchen Cube's manufacturing of the Cube, and he alleges that Kitchen Cube made a change to the original Cube design. ECF No. 45 at 18.

The Lanham Act "authorizes suit against persons who make false and deceptive statements in a commercial advertisement about their own or the plaintiff's product." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

First, Leszczynski clearly alleges that the statement Kitchen Cube "designed and manufactured [the Cube]" is misleading because Kitchen Cube did not design it, but rather used Leszczynski's design without authorization. Compl. ¶ 40. Leszczynski does not argue that Kitchen Cube's statement on its website is false because Kitchen Cube did not manufacture it. It can also be reasonably inferred that Leszczynski alleges the statement is false regardless of whether Kitchen

Cube made changes to the design of the Cube, because Leszczynski argues that *his* design was used by Kitchen Cube.[11] *See generally* Compl.

Second, the Court finds that Leszczynski properly alleges that Kitchen Cube has falsely advertised and misrepresented in its patent application to the United States Patent and Trademark Office. Reading the Complaint in Leszczynski's favor, he alleges that Kitchen Cube stated it created the Cube in the patent application and it is a false statement because Kitchen Cube did not invent it. Compl. ¶ 41.

The Kitchen Cube Motion is DENIED as to this claim.

## **CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant Ruble's Motion to Dismiss (ECF No. 44) is GRANTED IN PART:

    a. The first cause of action is DISMISSED as to Ruble WITHOUT LEAVE TO AMEND.

    b. The Motion to Dismiss the second cause of action is DENIED.

    c. The third cause of action is DISMISSED as to Ruble WITH LEAVE TO AMEND.

2. Defendant Kitchen Cube's Motion to Dismiss (ECF No. 45) is GRANTED IN PART:

    a. The first cause of action is DISMISSED as to Kitchen Cube WITHOUT LEAVE TO AMEND.

    b. The Motion to Dismiss the second and third causes of action is DENIED.

3. Defendant Duffy, Altamatic, Insider Goods, Toltz, and Spencer's Motion to Dismiss (ECF No. 51) is GRANTED IN PART:

    a. The first cause of action is DISMISSED as to these Defendants WITHOUT LEAVE TO AMEND.

    b. The Motion to Dismiss as to the second cause of action is DENIED.

---

[11] Leszczynski argues in his Oppositions that even though Kitchen Cube modified its original design, the statement is still false because it implies *original* design. ECF No. 58 at 19.

      c.   The third cause of action is DISMISSED as to all these Defendants WITH LEAVE TO AMEND.

4. Defendant Ruble's Request for Judicial Notice (ECF No. 46) is GRANTED IN PART; and

5. Defendant Kitchen Cube's Request for Judicial Notice (ECF No. 47) is GRANTED IN PART.

IT IS SO ORDERED.

Dated: April 17, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge