Tomas Leszczynski

3843 S Bristol St #107

Santa Ana, CA 92704

914-255-2414,

thingiversecube@gmail.com

Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Tomas Leszczynski,<br>　　　Plaintiff,<br>　vs.<br>Kitchen Cube LLC, et al.,<br>　　　Defendants.<br>_____<br><br>Kitchen Cube LLC, Altamatic LLC, and Insider Goods LLC<br>　　　Counter-Plaintiffs.<br>　vs.<br>Tomas Leszczynski<br>　　　Counter-Defendant. | Case No.: 8-23-cv-01698-MEMF-ADS<br>Honorable Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF'S/COUNTER-DEFENDANT OPPOSITION TO DEFENDANTS' /COUNTER-PLAINTIFFS' MOTION TO EXTEND DEADLINES**<br><br>Date: January 30, 2025<br>Time: 10:00 A.M.<br>Discovery Cutoff: September 4, 2024<br>Pretrial Conference: February 19, 2025<br>Trial Date: March 10, 2025<br>Last Date to Hear Motions:<br>　　November 28, 2024 |

1. Plaintiff opposes Defendants' motion to extend deadlines.

2. Defendants fail to demonstrate good cause under F.R.C.P. 16(b)(4).

3. Their motion attempts to excuse their lack of diligence and procedural misconduct, contrary to the Court's orders and the governing legal framework.

4. Plaintiff has adhered to all deadlines, while Defendants have repeatedly ignored them, misrepresented facts, and engaged in tactics designed to delay the resolution of this case.

5. Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.

**Defendants' Misstatements and Misconduct**

6. The last day to hear motions was set for November 28, 2024, per the Court's Scheduling Order, Dkt. 69.

7. Defendants' Declaration, ¶ 1, Dkt. 139-1, and Defendants' Motion, ¶ 1, Dkt. 139-0, falsely claim the deadline was September 28, 2024, demonstrating either gross negligence or a deliberate attempt to mislead the Court.

8. Defendants' Motion, ¶ 13, incorrectly claims no prior extensions of deadlines were sought. Plaintiff's Declaration, ¶ 28-42, shows Defendants requested extensions multiple times.

9. Defendants' Motion, ¶ 14-16, falsely alleges Plaintiff failed to disclose copyright information. Plaintiff provided Defendants with unrestricted public access to all copyright decisions, which Defendants used during Plaintiff's deposition, as shown in Plaintiff's Declaration, ¶ 44-46.

10. Defendants' Motion, ¶ 17, relies on incorrect dates, invalidating the timeline and arguments built upon it, as shown in Plaintiff's Declaration, ¶ 1.

11. Defendants' Motion, ¶ 18, repeats this error, as it relies on incorrect dates, further invalidating their timeline and arguments, as shown in Plaintiff's Declaration, ¶ 1.

12. Defendants' Motion, ¶ 19, cherry-picks portions of the Scheduling Order while ignoring binding deadlines, such as the November 28, 2024, last motion hearing date, which is improper and unsupported.

13. Defendants' Motion, ¶ 20, omits the elaborate scheme Duffy engaged in to sidestep Court Orders, in clear violation of both the Orders and established procedures, as shown in Plaintiff's Declaration, ¶ 29-42.

14. Defendants' Motion, ¶ 21, selectively follows Court Orders to suit Duffy's preferences. The statement "will not, by itself, affect the overall schedule" is nonsensical and ignores that such actions, "by themselves," violate the deadlines specified in the Scheduling Order.

15. Defendants' Motion, ¶ 22, misrepresents the situation. Plaintiff was forced to withdraw motions after an L.R. 7-3 meeting because the only two available hearing dates before the November 28, 2024, deadline were

blocked. Defendants, after L.R. 7-3 meeting, found themselves in an identical situation: the only two available hearing dates before the deadline were blocked. Despite this, Duffy now seeks preferential treatment for Defendants' motion filed after this deadline. Defendants' conduct is far from reasonable, they have refused to participate in discovery, destroyed evidence, refused to disclose documents they had in their control before the Protective Order, and repeatedly sought to delay proceedings, mirroring Duffy's behavior in *Pable v. Chicago Transit Authority*. The claim that Plaintiff avoided responding to Defendants' motion is false; Plaintiff responded fully, under protest, to address the procedural violations, as shown in Plaintiff's Declaration, ¶ 2-10, 51.

16. On March 29, 2024, Defendants' counsel, Elliot Chen, admitted that six months of Defendants' filings in response to Plaintiff's discovery requests were a complete non-responsive nonsense, as described in Plaintiff's Declaration, ¶ 61, and documented in an email attached as Exhibit 16. This admission not only underscores Defendants' lack of diligence and deliberate attempts to obstruct and delay the proceedings but also highlights the significant burden placed on the Court. The Court expended substantial resources reviewing hundreds of pages of nonsensical filings, which provided no meaningful information. Now, Defendants demand extensions despite their role in wasting both the Court's time and the parties' resources. This pattern of procedural misconduct further demonstrates the lack of merit in their request. Defendants' "B.S." (Elliot Chen's words) filings not only wasted six months but also reflect a broader pattern of delay tactics inconsistent with "good cause" under F.R.Civ.P. 16(b)(4).

**Defendants' Proposal to Strike and Reset Pretrial Deadlines**

17. Defendants' Motion, ¶ 23-24, request to reset the Final Pretrial Conference and trial dates, contradicts their prior claims in the same document, ¶ 21, that extending the summary judgment hearing would not affect the overall schedule. Defendants cannot simultaneously argue that their motion fits within the schedule and then claim other deadlines require extension.

18. Defendant's Motion, ¶ 24, states, "This request is made separate and apart from the request regarding Defendants' motion for summary judgment." This statement is procedurally improper under the Federal Rules of Civil Procedure and Local Rules of the Central District of California.
    a. Federal Rule of Civil Procedure 7(b)(1) requires motions to "state with particularity the grounds for seeking the order" and to "state the relief sought." By bundling unrelated requests, extending the summary judgment deadline and resetting trial dates, Defendants fail to provide the required particularity for either request. Each motion must be self-contained and specifically address the grounds and relief sought to enable both the opposing party and the Court to respond effectively.
    b. Defendants' approach also violates Local Rule 7-4, which mandates that motions clearly identify the relief sought and the legal grounds upon which it is based. By combining requests to modify summary judgment deadlines with a request to reset trial dates, Defendants create ambiguity and procedural confusion, making it difficult for the Court to evaluate their motion.
    c. F.R.Civ.P. 16(b)(4) governs the modification of scheduling orders, including trial dates, and requires a showing of good cause. Such modifications must be requested through a standalone motion focused

Plaintiff's/Counter-Defendant Opposition to Defendants'/Counter-Plaintiffs' Motion to Extend Deadlines

solely on the scheduling order. Defendants' attempt to incorporate this unrelated relief into their summary judgment extension motion fails to comply with this rule, as good cause for modifying trial dates is distinct from any justification for extending a summary judgment deadline.

   d. Joining unrelated requests undermines judicial efficiency by complicating the Court's ability to address the issues independently and clearly. Procedural rules require distinct motions for distinct types of relief to ensure each request is evaluated on its merits without conflating the legal standards and justifications required for separate issues.

   e. The bundling of these motions further prejudices Plaintiff, who is forced to respond to an improperly combined motion that fails to meet the procedural requirements of both FRCP 7(b)(1) and FRCP 16(b)(4). This procedural impropriety unfairly burdens Plaintiff and wastes judicial resources.

   f. Defendants cannot simultaneously argue that extending one deadline has no effect on the schedule, Defendants' Motion, ¶ 21, while also asserting that broader extensions are necessary, Defendants' Motion, ¶ 23-24. Such contradictory arguments underscore the pretextual nature of their motion.

19. Defendants' request to reset deadlines (Motion, ¶ 24) is procedurally improper under F.R.Civ.P. 7(b)(1) and Local Rule 7-4, which require motions to clearly identify relief sought and the grounds for it. Bundling requests to extend summary judgment deadlines and reset trial dates creates procedural confusion and fails to provide the particularity required by these rules.

20. Defendants fail to demonstrate good cause under F.R.Civ.P. 16(b)(4) to modify the Court's Scheduling Order. Each request must independently justify why an extension is necessary, and Defendants' bundled motion does not satisfy this requirement.

**Defendants' Misuse of Pending Motions**

21. Defendants' reliance on pending motions to justify resetting trial dates (Motion, ¶ 25-26) is speculative and fails to establish good cause under F.R.Civ.P. 16(b)(4).
    a. Plaintiff's Claims: Defendants speculate about uncertainty due to their Motion to Strike Plaintiff's Amended Complaint, Dkt. 100, but pretrial preparation should proceed based on existing claims.
    b. The Parties: Defendants argue their Motion for Joinder, Dkt. 101, could alter the parties, but speculation does not justify delaying the trial schedule.
    c. Counsel: Defendants cite their Motion to Disqualify Counsel, Dkt. 121, but this procedural matter does not affect substantive claims or defenses.

22. Granting Defendants' request to reset deadlines would unfairly prejudice Plaintiff, who has complied with all deadlines and prepared for trial in accordance with the Scheduling Order. It would also incentivize Defendants' repeated delay tactics and waste judicial resources.

**Conclusion**

23. Defendants' request to extend deadlines and reset trial dates is procedurally improper and unsupported by good cause under F.R.Civ.P. 16(b)(4). Allowing such modifications would unfairly prejudice Plaintiff, reward Defendants' repeated delays, and undermine judicial efficiency.

24. Duffy has not learned from the sanctions imposed in *Pable v. Chicago Transit Authority*. Instead, he continues similar misconduct in this case, including filing motions that exceed deadlines, fabricating excuses, and vexatiously prolonging proceedings.

25. Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety, hold all parties accountable to the current Scheduling Order, and ensure fairness, judicial efficiency, the timely resolution of this matter.

26. Delays not only prejudice Plaintiff but also pose serious public safety risks, as Described in Plaintiff's Declaration, ¶ 58-60. Defendants' product, modified from Plaintiff's original design, continues to jeopardize individuals relying on its accuracy, particularly when used to administer medication to vulnerable individuals such as newborns.

TOMAS LESZCZYNSKI                     DATED:  December 30, 2024

/s/ Tomas Leszczynski
Tomas Leszczynski