

**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

April 24, 2024

Tomas Leszczynski
8941 Atlanta Ave #104
Huntington Beach, CA 92646

Correspondence ID:   1-6BLI0IY
Original Corresp. ID:  1-62O2CNM
Re:     Bakercube Measuring Cube (1-12981752441)

Dear Mr. Leszczynski:

      This correspondence responds to your December 18, 2023, letter requesting reconsideration of the U.S. Copyright Office's refusal to register a copyright claim in *Bakercube Measuring Cube*. You made this request as the applicant.

      We reviewed *Bakercube Measuring Cube* in light of the points raised in your letter. We are unable to register a copyright claim in this work, however, because it is a useful article that does not contain any separable non-functional features.

**Description of the Work**

      *Bakercube Measuring Cube* was submitted as a claim in "sculpture." The work is a cube. Indentations cover all of the faces of the cube, each a different size and depth corresponding to typical measurements: 1 Tbsp, 1/2 Tbsp, 1/3 Cup, etc. An image of the work is shown below:



## The Separability Test

*Bakercube Measuring Cube* is considered a "useful article" under the Copyright Act. *See* 17 U.S.C. § 101 (defining a useful article as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."). The statute does not protect useful articles as such, but "the design of a useful article" may be "considered a pictorial, graphic, or sculptural work" if it "incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Star Athletica, LLC v. Varsity Brands, Inc.*, 580 U.S. 405, 411 (2017) (quoting 17 U.S.C. § 101, definition of pictorial, graphic, and sculptural works).

The "design" of a useful article refers "to the combination of details or features that . . . make up the useful article." *Star Athletica* at 412 (quoting 3 Oxford English Dictionary 244 (1933)). To determine whether a particular design may be eligible for copyright protection, the Office examines the design for any feature that "(1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated." *Id.* at 409.

"The first requirement . . . is not onerous." *Star Athletica* at 414. The Office simply looks at the useful article to determine if it can "spot some two- or three-dimensional element that appears to have pictorial, graphic, or sculptural qualities." *Id.*

The second requirement is more difficult to satisfy. The Office must determine if any of the identified features "has the capacity to exist apart from the utilitarian aspects of the article." *Star Athletica* at 414. Such features must be able to exist as a pictorial, graphic, or sculptural work – "either on its own or when fixed in some other tangible medium [of expression]" – once it has been "identified and imagined apart from the useful article." *Id.* at 417. "If the feature is not capable of existing as a pictorial, graphic, or sculptural work once [it has been conceptually] separated from the useful article," then it is simply one of the "utilitarian aspects" of the useful article that is not eligible for copyright protection. *Id.* at 414-415.

The Supreme Court has made it clear that "the separated feature [must] qualify as a nonuseful pictorial, graphic, or sculptural work on its own." *Star Athletica* at 420. To satisfy this requirement, the feature cannot be a useful article in and of itself. It cannot be an article that is normally a part of a useful article. And when the feature is conceptually removed from the useful article and imagined in another medium of expression, it cannot be a replica of the article itself. *Id.* at 415.

**Separability Analysis**

Each element of this measuring device is a utilitarian – as opposed to decorative – aspect of this useful article. Each aspect is designed to carry out the functions of measuring out specific amounts/volumes. To the extent that the design differs from that of other measuring tools, any variance is incident to the functionality and utility of the object.

The components of the cube that you argue are creative – the indentations that form the various measurements – do not have "the capacity to exist apart from the utilitarian aspects" of the cube because they cannot be imagined as standalone sculptural works. *Star Athletica* at 421. If they were conceptually removed, there would be nothing left behind on that portion of the cube. And if visualized in another medium, it would merely be a replica of "[a]n article that is normally a part of [this] useful article." 17 U.S.C. § 101 (definition of useful article).

In your request for reconsideration, you argue that the work is intended to be more artistic than practical, and that the impracticality of the design demonstrates that the various indentations are separable and copyrightable, rather than being utilitarian aspects of the work. *Request* at 11-17. The fact that a useful article may be marketed, bought, or discussed as a "work of art" does not take it out of the "useful article" category. To be classified as a "useful article" a work need only have "an intrinsic function." 17 U.S.C. §101. Therefore, as long as a work has at least one intrinsic function, it is considered a "useful article" and must be examined in accordance with the standards applied to useful articles set forth in the copyright law. Accordingly, we are not persuaded that the indentations or the cube as a whole is separable.

**The Originality Test**

No element of *Bakercube Measuring Cube* "'can be identified separately from,' and is 'capable of existing independently of, the utilitarian aspects of'" the measuring device. *Star Athletica*, 580 U.S. at 439 (quoting 17 U.S.C. § 101). Because the separability requirement has not been met, the Office need not determine if the design is sufficiently original to warrant registration.

Tomas Leszczynski - 4 - 1-6BLI0IY

## Conclusion

We uphold our decision to refuse registration for *Bakercube Measuring Cube* because we are unable to identify any separable nonuseful features of this design for a useful article.

Sincerely,
Stephanie Mason, Attorney-Advisor
Office of Registration Policy and Practice
U.S. Copyright Office

Enclosures:
  Reply Sheet