O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TOMAS LESZCZYNSKI,

              Plaintiff,

    v.

KITCHEN CUBE LLC; TIMOTHY A. DUFFY; ALTAMATIC LLC; INSIDER GOODS LLC; RANDALL TOLTZ; TYLER RUBLE; DYLAN SPENCER,

              Defendants.

Case No.:  8:23-cv-01698-MEMF-ADS

**ORDER DENYING MOTION TO STRIKE; DENYING MOTION FOR JOINDER IN COUNTERCLAIM; DENYING MOTION TO DISQUALIFY COUNSEL; AND GRANTING REQUEST TO SUBSTITUTE [ECF NOS. 100, 101, 121, 122]**

The following items are before the Court: (1) a Motion to Strike Plaintiff Tomas Leszczynski's First Amended Complaint, filed by Defendants / Counterclaimants Kitchen Cube, LLC; Insider Goods LLC; and Altamatic LLC; and Defendants Timothy A. Duffy; Randall Toltz; Tyler Ruble; and Dylan Spencer (ECF No. 100); (2) a Motion for Joinder in Counterclaim filed by non-party Nomadic Consulting LLC (ECF No. 101); (3) a Motion to Disqualify Counsel filed by Plaintiff Tomas Leszczynski (ECF No. 121); and (4) a Request for Approval of Substitution or Withdrawal of Counsel filed by Defendant / Counterclaimant Kitchen Cube, LLC and Defendant Tyler Ruble (ECF No. 122).

For the reasons stated herein, the Court DENIES the Motion to Strike (ECF No. 100), DENIES the Motion for Joinder (ECF No. 101), DENIES the Motion to Disqualify (ECF No. 121), and GRANTS the Request for Approval of Substitution or Withdrawal of Counsel (ECF No. 122).

## SUMMARY OF ORDER FOR *PRO SE* LITIGANT TOMAS LESZCZYNSKI

The Court addresses four motions in this Order. First, Defendants requested the Court to strike the First Amended Complaint (ECF No. 94).The Court DENIES that Motion and will allow the First Amended Complaint to stand. Second, Nomadic Consulting LLC requested to become a party to this action and join the Counterclaim. The Court DENIES that Motion because  it was filed too late. Third, you moved to disqualify the attorney, Timothy A. Duffy. The Court DENIES that Motion because the Court finds that he was not required to disclose the sanctions you say he received. Defendants requested that you be required to pay the costs of opposing that motion because they argue the motion was baseless. The Court decided not to require you to pay in this instance, but you should be careful not to file baseless motions in the future. Finally, two attorneys had requested to withdraw, which you opposed. The Court will allow them to withdraw.

Because you are proceeding without an attorney, the Court included a section at the end of this Order with resources for self-represented litigants that you may find helpful.

## BACKGROUND

The Court addressed the background of this action in detail in its previous Order. *See* ECF No. 88. The Court will only address aspects relevant to this Motion here.

### I.    Factual Allegations[1]

Plaintiff Tomas Leszczynski ("Leszczynski") is an individual. *See* ECF No. 94 ("FAC") at 4.[2] Defendant Kitchen Cube, LLC ("Kitchen Cube") is a limited liability corporation. *See id.* at 5.

---

[1] The facts stated herein are taken from the allegations in Plaintiff Tomas Leszczynski's First Amended Complaint (ECF No. 94) and Defendants / Counterclaimants Kitchen Cube, LLC; Insider Goods LLC; and Altamatic LLC's Counterclaims (ECF No. 92). The Court makes no finding on the truth of these allegations and includes them only as background.

[2] The FAC does not contain numbered paragraphs and so the Court cites to page numbers within the FAC rather than paragraphs. Citations are to the pagination imposed by the Court's CM/ECF system and stamped to the top of the pages.

Defendant Tyler Ruble ("Ruble") is an individual. *See id.* Defendant Altamatic LLC ("Altamatic") is a limited liability corporation. *See id.* Defendant Timothy A. Duffy ("Duffy") is an individual. *See id.* Defendant Insider Goods LLC ("Insider Goods") is a limited liability corporation. *See id.* at 6. Defendant Randall Toltz ("Toltz") is an individual. *See id.* Defendant Dylan Spencer ("Spencer") is an individual. *See id.*

To briefly summarize, Leszczynski alleges the following. Leszczynski is the creator of Bakercube Measuring Cube (the "Cube"), which combines various measuring volumes into a single cubical structure. *See id.* at 7–8. Leszczynski posted the Cube design and 3D print files to Thingiverse.com, under a Creative Commons license that only allowed non-commercial use. *See id.* at 7. Kitchen Cube downloaded the files, applied Kitchen Cube's logo to the bottom of the Cube, arranged overseas production in China, and then offered the altered Cubes for sales on various websites including Amazon. *See id.* at 8. Kitchen Cube also has an affiliate program. *See id.* at 9. Ruble is the owner of Kitchen Cube, used Kitchen Cube as his alter ego, and ran the affiliate program. *See id.* at 11. Altamatic also sold Cubes, with Altamatic's logo on them, based on the posted files. *See id.* at 12. Duffy is the owner of Altamatic and used it as his alter ego. *See id.* Insider Goods also sold Cubes based on the posted files. *See id.* at 13. Toltz used Insider Goods as his alter ego. *See id.* Non-party, Nomadic Consulting LLC ("Nomadic"), also sold Cubes based on the posted filed.[3] *See id.* at 13. Spencer used Insider Goods as his alter ego. *See id.*

In the Counterclaims, Kitchen Cube, Altamatic, and Insider Goods allege that Leszczynski issued "take-down" notices to Amazon asserting that goods sold by Kitchen Cube, Altamatic, and Insider Goods infringed Leszczynski's copyright. *See* CC ¶ 9. This caused Amazon to remove listings. *See id.* Kitchen Cube, Altamatic, and Insider Goods allege that the take-down notices included material misrepresentations. *See id.* ¶ 14.

## II.    **Procedural History**

### A.    **Initial claims and motions to dismiss.**

---

[3] Nomadic, who seeks to join the Counterclaim against Leszczynski, *see* ECF No. 101, was not named as a defendant. *See* FAC.

Leszczynski filed suit in this Court on September 13, 2023. *See* ECF No. 1. He brought suit against Kitchen Cube, Duffy, Altamatic, Insider Goods, Toltz, Ruble, and Spencer as well as additional Defendant Richard Clem ("Clem"). *See id.* Leszczynski asserted three causes of action in his initial complaint, against all Defendants: (1) copyright infringement under 17 U.S.C. § 501; (2) violation of Creative Commons license terms; and (3) false advertising and misrepresentation under 15 U.S.C. § 1125(a). *Id.*

The Defendants filed motions to dismiss, and on April 17, 2024, the Court granted the motions to dismiss in part. *See* ECF Nos. 44, 45, 51 (Defendants' motions); ECF No. 88 (Court's Order). The Court dismissed the first cause of action (copyright infringement) as to all Defendants without leave to amend and dismissed the third cause of action (false advertising and misrepresentation) as to Duffy, Altamatic, Insider Goods, Toltz, Spencer, and Ruble with leave to amend. *See* ECF No. 88 at 34–35. The Court held that the second cause of action (breach of contract regarding the Creative Commons license) was properly pleaded as to all Defendants, and that the third cause of action (false advertising and misrepresentation) was properly pleaded as to Kitchen Cube only. *See id.*

On May 24, 2024, Kitchen Cube, Insider Goods, Altamatic, Duffy, Toltz, Ruble, and Spencer filed an answer to the complaint. *See* ECF No. 91.

**B. Counterclaims and FAC.**

On May 24, 2024, Kitchen Cube, Altamatic, and Insider Goods filed a Counterclaim against Leszczynski. *See* (ECF No. 92, "CC"). Kitchen Cube, Altamatic, and Insider Goods assert one claim against Leszczynski: an improper DMCA[4] take-down notice in violation of 17 U.S.C. § 512(f).

On June 7, 2024, Leszczynski filed his FAC. *See* FAC. Leszczynski's FAC asserts claims against the following Defendants: Kitchen Cube, Ruble, Altamatic, Duffy, Insider Goods, Toltz, and

---

[4] The Counterclaim uses the term "DCMA" rather than DMCA. *See* CC ¶¶ 13–14. The Court understands this to be a typo and understands that Kitchen Cube, Altamatic, and Insider Goods are referring to the Digital Millenium Copyright Act, which provides immunity in some circumstances to a service provider that removes copyrighted material from a system or network expeditiously "upon notification of claimed infringement." *See* 17 U.S.C. § 512(c)(1)(C). The Court understands that Kitchen Cube, Altamatic, and Insider Goods are alleging that Leszczynski provided such notification to Amazon, and Amazon took action in response, in order to avail themselves of the DMCA immunity provisions. *See* CC.

Spencer (in other words, all of the Defendants named in the initial Complaint except Clem[5]). *See id.* Leszczynski's FAC includes three causes of action: (1) copyright infringement under 17 U.S.C. § 501;[6] (2) violation of Creative Commons license terms; and (3) false advertising and misrepresentation under 15 U.S.C. § 1125(a). *Id.* Defendants have not yet answered the FAC.

On June 13, 2024, Leszczynski filed an Answer to the Counterclaim. *See* ECF No. 95.

**C.  The instant motions.**

On June 25, 2024, Kitchen Cube, Insider Goods, Altamatic, Duffy, Toltz, Ruble, and Spencer filed a Motion to Strike Leszczynski's FAC. *See* ECF No. 100 ("Motion to Strike"). Leszczynski filed an Opposition to the Motion to Strike on July 9, 2024. *See* ECF No. 104. Kitchen Cube, Insider Goods, Altamatic, Duffy, Toltz, Ruble, and Spencer filed a Reply in support of the Motion to Strike on August 2, 2024. *See* ECF No. 112.

On June 25, 2024, Nomadic filed a Motion for Joinder in Kitchen Cube, Altamatic, and Insider Goods's Counterclaim (ECF No. 92). *See* ECF No. 101 ("Motion for Joinder"). Leszczynski filed an Opposition to the Motion for Joinder on July 9, 2024. *See* ECF No. 105. Nomadic filed a Reply in support of the Motion for Joinder on July 16, 2024. *See* ECF No. 110.

On September 18, 2024, Leszczynski filed a Motion to Disqualify Attorney Timothy A. Duffy, Revoke Pro Hac Vice Admission, and for Sanctions.[7] *See* ECF No. 121 ("Motion to Disqualify Counsel"). Ruble, Duffy, Toltz, Spencer, Kitchen Cube, Altamatic, and Insider Goods filed an Opposition to the Motion to Disqualify on October 3, 2024. *See* ECF No. 127. Leszczynski filed a Reply in support of the Motion to Disqualify on October 8, 2024. *See* ECF No. 131

On September 19, 2024, Attorneys Elliot Z. Chen and Randall S. Leff filed a Request for Approval of Substitution or Withdrawal of Counsel, in which they requested to withdraw as counsel

---

[5] Leszczynski stipulated to the dismissal of Clem on January 27, 2024. *See* ECF No. 72.

[6] In his FAC, the section regarding the first cause of action reads, in its entirety, "The Court dismissed [the] First Cause of Action in [the] Court's Order [citation]." *See* FAC at 10. This stands in contrast to the sections regarding other causes of action, which incorporate previous allegations by reference and then describe the purported basis for the causes of action in detail. *See id.* at 10–19. Thus, the Court understands Leszczynski included this cause of action for numbering purposes to avoid confusion and does not seek to reassert it.

[7] In addition to being a party, Duffy is currently counsel of record for Kitchen Cube, Altamatic, Insider Goods, Ruble, Spender, and himself. *See* ECF No. 29.

1    of record for Ruble and Kitchen Cube. *See* ECF No. 122 ("Request to Substitute Counsel"). Also on

2    September 19, 2024, Leszczynski filed an Objection to the Request to Substitute Counsel. *See* ECF

3    No. 123.

**MOTION TO STRIKE (ECF NO. 100)**

### I.    Applicable Law

6    Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an

7    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R.

8    Civ. P. 12(f). The function of a motion to strike is "to avoid the expenditure of time and money that

9    must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone,*

10   *Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).

11   Federal Rule of Civil Procedure 15(a) dictates that a party may only amend a pleading with

12   leave of the court or consent of the opposing party, except that a party may amend a pleading once as

13   a matter of course either 21 days after serving it or 21 days after service of a responsive pleading.

14   *See* Fed. R. Civ. P. 15(a). Courts in this circuit generally hold that when a court grants leave to

15   amend with specified limitations, the plaintiff does not have carte blanche to make amendments

16   beyond the scope of the leave granted. *See, e.g., DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-

17   CV-01390, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (collecting cases and explaining that

18   "where leave to amend is given to cure deficiencies in certain specified claims, courts have held that

19   new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

20   Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in

21   numbered paragraphs." *See* Fed. R. Civ. P. 10(b).

### II.    Discussion

23   Kitchen Cube, Insider Goods, Altamatic, Duffy, Toltz, Ruble, and Spencer move to strike

24   Leszczynski's FAC on two purported bases: (1) the amendments in the FAC exceed the scope of the

25   leave to amend that the Court granted; and (2) the FAC lacks numbered paragraphs. *See* ECF No.

26   100. Having considered the parties' arguments, the Court declines to strike the FAC and thus

27   DENIES the Motion to Strike.

28

First, the Court finds that to the extent that Leszczynski exceeded the scope of what the Court authorized through his amendment, this does not warrant striking his FAC. The situation might be different if Leszczynski had added new claims or parties, as the plaintiff in *DeLeon* attempted to, or had sought to reassert the causes of action dismissed without leave to amend. *See DeLeon*, 2010 WL 4285006 at *3. But he did not do so. *See* FAC. Instead, Leszczynski simply added more facts in support of the claims that were not dismissed and amended the claims slightly to incorporate these facts. *See* FAC. In doing so, he did slightly exceed the scope of the leave the Court granted. The Court did not grant Leszczynski leave to amend the claims that were not dismissed (in other words, the claims where the Court found the initial complaint sufficient), but Leszczynski nevertheless amended those claims. For example, the Court did not dismiss the second cause of action and thus did not grant Leszczynski leave to amend it (*see* ECF No. 88 at 34), but Leszczynski's FAC includes more detail as to the second cause of action than the complaint did. *See* FAC at 10–15 (detailing theories as to why each Defendant is liable for breach of contract; *see also* ECF No. 1 ¶¶ 36–38 (containing significantly less detail as to second cause of action). But the Court is not inclined to strike the FAC on this basis, or to strike those allegations—it appears to the Court in context that this further detail on Leszczynski's theories will be helpful to all parties in understanding what is alleged. Defendants have pointed to no cases where a court struck an amended complaint on this basis, and the Court is aware of none. Because the FAC includes no additional parties and no additional claims, the Court will not strike it for adding more detail as to causes of action the Court previously found sufficient.

Second, the Court will not strike the FAC on the basis that it lacks numbered paragraphs. As Leszczynski has acknowledged, Leszczynski should have numbered the paragraphs in his FAC. *See* Fed. R. Civ. P. 10(b); *see also* ECF No. 104 at 2 ("Plaintiff acknowledges that the Amended Complaint does not include numbered paragraphs. Plaintiff apologizes to the Court for this oversight"). But the Court sees little harm that will come from the lack of numbered paragraphs given that, as Leszczynski notes, the FAC has numbered pages and line numbers. The Court also notes that the FAC is organized in paragraph form, which should make it feasible for Defendants to answer it in a coherent way. Defendants have provided no authority suggesting that the lack of

numbered paragraphs, particularly by a self-represented plaintiff, should lead to the Court striking a complaint. The Court will not do so.

For these reasons, the Motion to Strike is DENIED.

## MOTION FOR JOINDER IN COUNTERCLAIM (ECF NO. 101)

### I.     Applicable Law

Under Federal Rule of Civil Procedure 20 ("Rule 20"), "[p]ersons may join in one action as plaintiffs" if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *See* Fed. R. Civ. P. 20(a)(1).

When considering whether to allow joinder under Rule 20, courts should consider factors not explicitly mentioned in the rule, including "possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). But although the factors above may be considered, courts generally exercise "strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *See id.*

### II.    Discussion

Here, Nomadic seeks to join in Kitchen Cube, Altamatic, and Insider Goods's Counterclaims (ECF No. 92) which asserts a claim against Leszczynski for an improper DMCA take-down notice in violation of 17 U.S.C. § 512(f). *See* ECF No. 101. Having considered the arguments, the Court DENIES the Motion for Joinder.

Nomadic asserts that it is similarly situated to the counterclaim plaintiffs, in that Nomadic also sold cubes and was targeted by Leszczynski with take-down notices. *See id.* Although Leszczynski did not name Nomadic as a Defendant, Leszczynski sued its alleged owner, Spencer.

8

1  *See* FAC at 13. Leszczynski opposes this on several grounds, including that it is untimely. *See* ECF

2  No. 105.

3      The Court finds that the Motion for Joinder is untimely. The Court entered a Civil Trial

4  Order ("CTO") setting a case schedule on January 8, 2024. *See* ECF No. 69. That CTO has not been

5  amended. Per the CTO, the last day to hear motions to add parties was February 22, 2024. *See id.*

6  Fact discovery closed on September 4, 2024, and trial is set for March 10, 2025. *See id.* Nomadic

7  brought this Motion for Joinder on June 25, 2024, and set it for hearing on August 29, 2024. *See*

8  ECF No. 101. Nomadic was aware of this lawsuit in advance of the deadline for motions to add

9  parties, given that its alleged owner[8] Spencer was named as a Defendant, and counsel filed an

10  appearance on Spencer's behalf on October 13, 2024. *See* ECF No. 29. Nomadic has not explained

11  why it could not ordid not  bring this motion sooner. Nor have Nomadic or Spencer sought to amend

12  the case schedule.[9] Adding in an additional party at this stage, with fact discovery closed, would

13  cause potential prejudice and delay. In light of this, and the fact that the deadline for motions to add

14  parties passed months before this Motion for Joinder was filed, the Court will not permit joinder.

15  Regardless of whether the requirements or Rule 20 are met, the Court is permitted to consider other

16  factors including the impact on the case schedule. *See Desert Empire Bank*, 623 F.2d at 1375. The

17  Court finds these other factors dispositive, and so need not reach the question of whether Rule 20's

18  requirements are met.

19      For these reasons, the Court DENIES the Motion for Joinder.

20  **MOTION TO DISQUALIFY COUNSEL (ECF NO. 121)**

21  **I.    <u>Applicable Law</u>**

---

[8] In its Motion for Joinder, Nomadic states that it is "the corporate entity involved in the sale of cubes owned by an individual defendant; namely, Defendant Dylan Spencer." *See* ECF No. 101 at 2.

[9] To the extent that this Motion for Joinder is also a Motion to Amend the CTO, it is DENIED. A scheduling order may only be modified "for good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. Pro. 16(b)). In determining whether good cause exists, the primary consideration is "the diligence of the party seeking the amendment." *Id.* "If that party was not diligent, the inquiry should end." *Id.* Here, Nomadic has not shown that it was diligent or that its Motion for Joinder could not have been timely brought with diligence.

1    Attorneys that are not members of the State Bar of California may practice before this Court

2    by appearing pro hac vice. *See* C.D. Cal. L.R. 83-2.1.3. In order to appear pro hac vice, the attorney

3    must complete an application, which must include certain specified information. *See* C.D. Cal. L.R.

4    83-2.1.3.3. "Approval of the applicant's pro hac vice application will be at the discretion of the

5    assigned judge in each case in which an application is submitted." *See id.* Once admitted, pro hac

6    vice counsel "cannot be disqualified under standards and procedures any more stringent than those

7    imposed upon members of the local bar." *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir. 1996)

8    A court has inherent power to discipline attorneys, including through disqualification. *See*

9    *United States v. Wunsch*, 84 F.3d 1110, 114–16 (9th Cir. 1996). Motions to disqualify an attorney

10    "should be subjected to particularly strict judicial scrutiny" given their potential for abuse. *Optyl*

11    *Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985).

12    **II.    Discussion**

13    Leszczynski moves to disqualify Duffy (who is both counsel of record and a party) on the

14    grounds that Duffy purportedly failed to disclose that he had been disciplined by another court in his

15    pro hac vice application. *See* ECF No. 121. The Court finds that there is no basis for disqualification.

16    Leszczynski's Motion to Disqualify is premised on an incorrect reading of the Local Rules.

17    Leszczynski asserts that "Central District of California Local Rule 83-2.1.3.2 requires an attorney

18    applying for pro hac vice admission to disclose any prior disciplinary actions or sanctions from other

19    courts." *See* ECF No. 121 at 6. Local Rule 83-2.1.3.2 reads, in its entirety:

20    
21    L.R. 83-2.1.3.2 Disqualification from Pro Hac Vice Appearance. Unless authorized by the Constitution of the United States or Acts of Congress, an applicant is not eligible for permission to practice pro hac vice if the applicant:

22    (a) resides in California;

23    (b) is regularly employed in California; or

24    (c) is regularly engaged in business, professional, or other similar activities in California.

25    
26    C.D. Cal. L.R. 83-2.1.3.2. There is no requirement that an attorney disclose discipline by another

27    court. *See id.* And this requirement does not appear in any other Local Rule regarding pro hac

28    vice practice. C.D. Cal. L.R. 83-2.1.3–83-2.1.3.5. Thus, Leszczynski's Motion is based on a

1    flawed premise. In his Reply, Leszczynski argues that the language on the pro hac vice

2    application form—requiring an applicant to describe the "current status" of membership in other

3    courts—requires an attorney to disclose any sanctions imposed. *See* ECF No. 131. Leszczynski

4    provides no authority for this premise, and the Court does not read the form this way.

5    Leszczynski further asserts that Duffy has engaged in further misconduct here, purportedly

6    similar to the other misconduct, but the Court is not inclined to reach this issue—the discovery

7    misconduct that Leszczynski alleges should be heard by the Magistrate Judge, and the Court is

8    not going to disqualify counsel without first allowing the Magistrate Judge to consider the issue.

9         Duffy disputes that he had been sanctioned by another court at the time he filed his pro hac

10   vice application.[10] *See* ECF No. 127. This ultimately does not matter—Duffy had no obligation to

11   disclose it even if he had been sanctioned.

12        Leszczynski also argues that Duffy has made ex parte communications with the Court

13   and "misled" the Court into setting an improper hearing date. This appears to be a reference to

14   emails with the Court where Defendants reserved a hearing date of January 30, 2025, for an

15   anticipated motion for summary judgment. *See* ECF No. 121-23; ECF No. 131-4. The currently

16   operative CTO states that the last day to hear motions is November 28, 2024, and so the January

17   30, 2025, date is not a permissible hearing date under the CTO. *See* ECF No. 69. The Court finds

18   that this is not grounds for disqualification or any other sanction, for two reasons. First, Duffy's

19   emails to the Court on Defendants' behalf to reserve a hearing date were not inappropriate ex

20   parte communications. The Court's standing order explicitly directs parties to "contact the

21   Courtroom Deputy Clerk via the Court's chambers email address at

22   MEMF_Chambers@cacd.uscourts.gov to reserve a hearing date" for a motion for summary

23

24   _____

     [10] Leszczynski notes that Defendants' Opposition to Leszczynski's Motion to Disqualify was filed one day
25   late and argues that the Opposition should be stricken on this basis. *See* ECF No. 131 at 3 (noting that the
     Opposition was due on October 2, 2024, and was filed on October 3, 2024). The Court is not inclined to strike
26   the Opposition on this basis in this instance.

27   However, all parties should note that the Court's Standing Order differs from the Local Rules and states that
     oppositions to motions generally must be filed within fourteen days after the filing of a motion. If any party
28   files an opposition late for the remainder of this action, the Court may strike that opposition on the basis that
     it is untimely.

1  judgment. *See* Standing Order at 5. Although Defendants' counsel should have copied

2  Leszczynski on the email and should do so on future emails of this nature, the failure to do so is

3  not grounds for disqualification in this instance. Second, the Court was not misled. The Court's

4  practice is to allow parties to reserve a hearing date beyond the last day to hear motions, on the

5  assumption that the parties wish to reserve such a date in advance of filing either a motion or

6  stipulation to amend the CTO (as opposed to waiting until after the CTO is amended, by which

7  time the sought-after date may no longer be available). In order for Defendants to actually have a

8  motion for summary judgment heard on January 30, 2024, the CTO will need to be amended,

9  and so either the parties will need to stipulate to amending the CTO or Defendants will need to

10  file a motion showing grounds to amend it (which Leszczynski may of course oppose if he so

11  desires).[11] But the Court was not misled into allowing Defendants to reserve the date in question.

12          For these reasons, the Motion to Disqualify is DENIED.

13          Defendants requested that they be awarded their fees and costs associated with opposing this

14  motion pursuant to the Court's inherent authority. Having considered the circumstances, the Court is

15  not inclined to award the requested sanction in this instance. But Leszczynski is warned that should

16  he file motions with no basis in law in the future, the Court may award Defendants the fees and costs

17  associated with opposing those motions and may also impose other sanctions.

18                      **REQUEST TO SUBSTITUTE COUNSEL (ECF NO. 122)**

19          Two attorneys representing Ruble and Kitchen Cube—Elliot Z. Chen and Randall S. Leff—

20  requested to withdraw on September 19, 2024, shortly after Leszczynski filed his Motion to

21  Disqualify Duffy. *See* ECF No. 122. Leszczynski opposes the withdrawal, on the grounds that

22  "[u]ntil the Court resolves Plaintiff's pending Motion to Disqualify (Docket 121), any substitution or

23

24

25  _____

26  [11] The emails between the parties submitted by Leszczynski suggest that Defendants understand the Court's CTO differently and believe that the deadline for motions does not apply to a motion for summary judgment. *See* ECF No. 121-23 at 3. This is incorrect, and the Court wishes to clarify—the "Last Date to Hear Motions" applies to motions for summary judgment, and the CTO will need to be amended if Defendants wish to have a motion for summary judgment heard on January 30, 2025. The clerk holding a hearing date reservation is not the same as the Court actually setting a hearing.

27

28

withdrawal that continues to allow Duffy to represent Defendants should be denied." *See* ECF No. 123 at 3. Leszczynski also reiterated his argument that Duffy had been sanctioned. *See id.*

Now that the Court has decided the Motion to Disqualify, the Court finds that the basis for Leszczynski's objection has been resolved. The Court need not reach the issue of whether that objection ever had any merit. The Court sees no grounds on which the requested withdrawal should not be granted,[12] and therefore GRANTS the Request to Substitute Counsel.

### RESOURCES FOR *PRO SE* LITIGANTS

Although Leszczynski is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive

---

[12] The Court notes that Ruble and Kitchen Cube will continue to be represented by several attorneys who have already made appearances in this action, namely, Marc E. Hankin, Troy B. Krich, and Duffy. This provides additional reason to grant the withdrawal, as there is no indication that the withdrawals of Elliot Z. Chen and Randall S. Leff will delay the action or otherwise cause issues.

resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

## CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. The Motion to Strike (ECF No. 100) is DENIED.

2. The Motion for Joinder (ECF No. 101) is DENIED.

3. The Motion to Disqualify Counsel (ECF No. 121) is DENIED.

4. The Request to Substitute (ECF No. 122) is GRANTED.


IT IS SO ORDERED.


Dated: January 21, 2024              _____

                                     MAAME EWUSI-MENSAH FRIMPONG

                                     United States District Judge